*Comply*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **16-24678**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ONIX CAPITAL LLC, and | ) |
| ALBERTO CHANG-RAJII, | ) |
| | ) |
| Defendants, and | ) |
| | ) |
| DEEP OCEAN LLC, | ) |
| NEXT CAB VENTURES LLC, | ) |
| NEXT CALL VENTURES LLC, | ) |
| NEXT CHAT VENTURES LLC, | ) |
| NEXT PAY VENTURES LLC, | ) |
| NEXT U VENTURES LLC, | ) |
| NEXT TRACK VENTURES LLC, and | ) |
| PROGRESSIVE POWER LLC, | ) |
| | ) |
| Relief Defendants. | ) |
| | ) |

CIV-COOKE

FILED by ___ D.C.

NOV 0 8 2016

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

/ TORRES

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff Securities and Exchange Commission ("Commission") alleges as follows:

### INTRODUCTION

1.      From at least as early as June 2012 until March 2016, Defendants Onix Capital LLC ("Onix Capital"), a Miami Beach-based asset management company, and Alberto Chang-Rajii ("Chang"), owner and sole manager of Onix Capital, violated the anti-fraud provisions of the federal securities laws by fraudulently raising approximately $7.4 million from investors based on material misrepresentations regarding the investments offered, the use of the funds raised, and the background and financial success of Chang himself. The Defendants' scheme, which targeted investors in Florida, nationwide, and internationally, began to unravel when, in

March 2016, reports were published in Miami and Chile exposing Defendants' misrepresentations regarding Chang's achievements and his companies' finances. Chang then abandoned his Onix Capital responsibilities, fled to Malta, ceased paying investors, and drained approximately $4 million, including Onix Capital investor funds, from accounts in the United States by transferring the funds to overseas banks.

2.       Defendants offered and sold investors more than $5.7 million in Onix Capital promissory notes, which carried "guaranteed" annual interest rates from 12% to as high as 19%, and more than $1.7 million of membership interests in the Relief Defendants, which are entities Chang created as special purpose vehicles ("SPVs") to invest in private equity. To convince investors to invest with Onix Capital, Defendants touted a fabricated lore of Chang's business education and successful investment history, claiming that Chang had obtained a Master's in Business Administration ("MBA") from Stanford University, became wealthy investing in Google, Inc. ("Google") in its early development stages, and was a successful award-winning "angel" investor. None of this was true.

3.       Defendants represented to promissory note investors that Onix Capital would invest their funds in "ventures identified by Mr. Chang" and Onix Capital's advisory team, and make the note payments from these investments. However, to the extent Onix Capital did invest their funds, it received no income or fundsfrom the investments during the time period relevant to this Complaint. Instead of making note payments from Onix Capital investment returns, Chang comingled Onix Capital investor funds with other funds in his personal accounts and used the comingled funds to pay investors and for his own benefit.

4.       Beginning at least as early as August 2013, Defendants represented to promissory note investors that Chang personally guaranteed the promissory notes and misled investors by telling them that Chang had in excess of $100 million on deposit in accounts at J.P.

Morgan in the United States as of March 24, 2013, when the true amount was less than $1 million.

5.      Defendants represented to investors buying membership interests that they would receive a membership interest in a Relief Defendant, which would give the investor an indirect interest in the securities held by the Relief Defendant.  These Relief Defendants held direct or indirect equity interest in non-public companies, including Uber Technologies Inc. ("Uber"), Square Inc. ("Square"), and Okeanos Technologies, LLC. ("Okeanos").  Chang retained direct and indirect controlling interest in the Relief Defendants.

6.      In March 2016, press articles exposed Defendants' misrepresentations regarding Chang's investment and educational achievements, and questioned the financial soundness of Chang's businesses in Chile.  Defendants' fraud scheme began to unravel.  Chang abandoned his Onix Capital and other business obligations and fled to Malta.  Onix Capital soon ceased making the "guaranteed" return payments on promissory notes.  Authorities in Chile began a criminal investigation of Chang and his businesses in that country, and requested Malta extradite Chang to Chile.  In April and May 2016, Chang transferred approximately $4 million, including Onix Capital investor funds, from Onix Capital and other accounts in the United States to accounts in Malta, Switzerland, the United Kingdom, and Australia.  Chang has petitioned for Maltese residency and has not returned to the United States or Chile.

7.      By engaging in this conduct, Defendants Onix Capital and Chang violated Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5; Defendant Chang violated Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-6(4), and Advisers Act Rule 206(4)-

8(a), 17 C.F.R. § 275.206(4)-8(a); and the Relief Defendants hold at least part of Onix Capital investors' fraudulently-obtained proceeds.

8.     Unless restrained and enjoined, Defendants are reasonably likely to engage in future violations of the federal securities laws.  In addition, unless the assets of Defendants and Relief Defendants are frozen and a receiver is appointed over Onix Capital and the Relief Defendants, Chang will retain control over the assets and responsibility for ensuring the return of investors' funds, a role he has shown himself utterly unfit to fulfill.

## DEFENDANTS, RELIEF DEFENDANTS, AND RELATED ENTITIES

### A.    Defendants

9.     Onix Capital was formed in Delaware on July 3, 2012, as a limited liability corporation and maintained its principal place of business in Miami Beach, Florida.  Onix Capital does business as a U.S.-based asset management company under the umbrella of Grupo Arcano S.A. ("Grupo Arcano," described in paragraph 20 below).  Chang is the sole managing member of Onix Capital, has direct or indirect ownership of 100% of the interests of Onix Capital, and thus has complete control over its management.  Onix Capital and its investment offerings were not registered with the Commission in any capacity; however, Onix Capital has previously filed Form Ds with the Commission relating to promissory note offerings.

10.    Chang, age 42, a Chilean national presently residing in Malta, is the owner, founder and sole manager of Onix Capital, owner, president and founder of Grupo Arcano, sole director and officer of Grupo Arcano Corp. ("Arcano Corp."), which is described later in this Complaint, and the founder, majority owner, and sole authorized person for each of the Relief Defendants, as described in paragraphs 11-19 below.  Chang does not, and did not at the time of the conduct described herein, hold any securities licenses, and has never been registered as or associated with a registered broker-dealer.

**B.**     <u>Relief Defendants</u>

11.     Deep Ocean LLC ("Deep Ocean") is a Delaware limited liability company with its principal place of business in Miami Beach, Florida.  Deep Ocean acts as an SPV to hold investments in Okeanos.

12.     Next Cab Ventures LLC ("Next Cab") is a Delaware limited liability company with its principal place of business in Miami Beach, Florida.  Next Cab acts as an SPV to hold investments in Uber.

13.     Next Call Ventures LLC ("Next Call") is a Delaware limited liability company with its principal place of business in Miami Beach, Florida.  Next Call acts as an SPV to hold investments in Dialpad, f/k/a Swich.co.

14.     Next Chat Ventures LLC ("Next Chat") is a Delaware limited liability company with its principal place of business in Miami Beach, Florida.  Next Chat acts as an SPV to hold investments in Snapchat Inc., n/k/a Snap Inc.

15.     Next Pay Ventures LLC ("Next Pay") is a Delaware limited liability company with its principal place of business in Miami Beach, Florida.  Next Pay acts as an SPV to hold investments in Square.

16.     Next U Ventures LLC ("Next U") is a Delaware limited liability company with its principal place of business in Miami Beach, Florida.  Next U acts as an SPV to hold investments in Open English Holdings, Inc.

17.     Next Track Ventures LLC ("Next Track") is a Delaware limited liability company with its principal place of business in Miami Beach, Florida.  Next Track acts as an SPV to hold investments in Railroad Project, Inc.

18.     Progressive Power LLC ("Progressive Power") is a Delaware limited liability company with its principal place of business in Miami Beach, Florida.  Progressive Power acts as an SPV to hold investments in FlashCharge Batteries LLC.

19.     All the Relief Defendants are managed and controlled by Chang, and share the same office in Miami Beach with Onix Capital as a principal place of business.  Onix Capital and Chang sold interests to investors in the Relief Defendants as a means to obtain equity interests in non-public companies that were in the start-up or pre-IPO stage.  None of the Relief Defendants is registered with the Commission in any capacity or has a known disciplinary history.

### C.     Related Entities

20.     Grupo Arcano was incorporated in Santiago, Chile in 2001.  Grupo Arcano has its principal place of business in Chile and affiliated offices in Miami Beach, Florida, the United Kingdom and Australia.  Grupo Arcano purports to be an international private equity and venture capital firm earning high returns by investing in emerging businesses operating in areas such as technology, energy, natural resources, consumer products, real estate and financial services.  Grupo Arcano is not registered with the Commission in any capacity.  Chang owns and controls Grupo Arcano.

21.     Arcano Corp. is a Delaware corporation with principal offices in Miami Beach, Florida.  Arcano Corp. does business as the United States subsidiary of Grupo Arcano.  Chang is the founder and sole officer of Arcano Corp.  Arcano Corp. is not registered with the Commission in any capacity.

### JURISDICTION AND VENUE

22.     This Court has jurisdiction over this action pursuant to Sections 20(b) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(b) and 77v(a); Sections 21(d), 21(e), and 27 of the

Exchange Act, 15 U.S.C. §§ 78u(d), 78u(e), and 78aa; and Sections 209(d), 209(e) and 214 of the Advisers Act, 15 U.S.C. §§ 80b-9(d), 80b-9(e) and 80b-14.

23.     This Court has personal jurisdiction over Defendant and Relief Defendants, and venue is proper in the Southern District of Florida, because, among other things:  (a) many of Defendants' acts and transactions constituting violations of the Securities Act, Exchange Act, and Advisers Act occurred in the Southern District of Florida, and (b) the principal place of business of Onix Capital and each Relief Defendant was located in Miami Beach, Florida.

24.     In connection with the conduct alleged in this Complaint, Defendants, directly and indirectly, made use of the means or instrumentalities of interstate commerce, the means or instruments of transportation and communication in interstate commerce, and the mails.

## FACTUAL BACKGROUND

### A.     Misrepresentation of Chang's Education and Investing Achievements

25.     During the course of the acts alleged in this Complaint, Defendants falsely promoted Chang to investors as a successful investor and entrepreneur.  These representations were made both orally and in writing.  According to Chang, in 1996, after graduating from university in Santiago, Chile, he received a scholarship to pursue graduate studies at Stanford University in Palo Alto, California ("Stanford").  Chang falsely claimed he earned a master's degree in business administration ("MBA") from Stanford, when in reality he never attended that university.

26.     Defendants further claimed that, while attending Stanford, Chang met the two co-founders of Google, and became one of Google's first investors.  Chang falsely claimed that he became wealthy by earning approximately $700 million as a result of his $10,000 early investment in Google.  Chang falsely represented to investors that his experience investing in Google permitted him to build a network of contacts he would leverage for Onix Capital.

Defendants promoted these material misrepresentations as evidence of Chang's investing acumen and as an explanation for his purported personal wealth.

27. Defendants also touted to investors Chang's purported success as an "angel investor," that is, as a wealthy individual who provides capital for a business start-up, usually in exchange for equity or debt. Defendants falsely claimed that Chang received an award in 2011 for "Best Investor" from the Angel Capital Association, an organization of accredited angel investors.

28. Defendant Chang, directly and through Onix Capital, and Onix Capital directly touted, orally and in writing, to prospective investors the above described material misrepresentations (hereinafter referred to as "the misrepresentations regarding Chang's background"), and other material misrepresentations described below in this Complaint, knowing they were false when made, to convince prospective investors to invest in Onix Capital's offerings. In reality, Chang did not receive an MBA from Stanford, was not one of Google's first investors, did not make approximately $700 million from an early Google investment, and the Angel Capital Association did not give him a "Best Investor" or any other award.

**B.      Onix Capital Investment Offerings**

**1.      Promissory Notes**

29. Beginning at least as early as June 2012 until March 2016, Defendants offered promissory notes to United States and foreign investors. The promissory notes were offered in and from Miami Beach, and elsewhere in the United States, in person and via wire or electronic communication. Through the promissory notes, Onix Capital raised at least $5.7 million from 27 investors, at least 10 of which were based in the United States. Investors in Onix Capital's notes sent their payment to Onix Capital's United States bank account.

30.     Beginning in or about August 2013, Defendants provided some investors in Onix Capital promissory notes a private placement memorandum dated August 31, 2013 ("the 2013 PPM"). Onix Capital's 2013 PPM stated that Chang completed "an M.B.A. and a post graduate in Behavioral Sciences from Stanford University [ ], where he became one of Google's first investors." Defendants knew that in truth Chang did not obtain an MBA from Stanford and was not one of Google's first investors.

31.     Onix Capital's 2013 PPM stipulated that the promissory notes were "primarily guaranteed by Grupo Arcano . . . and are secondarily guaranteed by Alberto Chang Rajii [ ], an individual and president of Grupo Arcano." In order to demonstrate the value of Chang's guarantee, Defendants included as an exhibit to the 2013 PPM a "Certificate" purporting to show that of as of March 25, 2013, Chang held over $100 million in J.P. Morgan accounts in the United States. Defendants knew this material representation was not true because on March 25, 2013, Chang's accounts at J.P. Morgan held less than $1 million. Indeed, throughout the time period alleged in this Complaint, Chang's holdings in J.P. Morgan accounts never totaled more than $10 million.

32.     The 2013 PPM stated the company planned to raise $32 million through offering promissory notes in increments as little as $10,000 and up to more than $470,000, with maturities of either 12, 24, or 36 months, and with annual interest rates between 12% and 19%. Defendants represented to investors that Onix Capital would use the promissory note proceeds "to invest in attractive business opportunities" identified by Chang, Grupo Arcano, and Onix Capital's advisory team, as well as for the general working capital needs of Onix Capital.

33.     Defendants represented to investors that the interest and principal payments on the promissory notes would be paid from returns on investments Onix Capital made with the note offering proceeds. However, less than half of the total funds raised through the promissory

notes were invested as stated in the PPM, and the investments Onix Capital did make produced no income or funds during the time period relevant to this Complaint.   Instead, Chang commingled Onix Capital investor funds with funds from Chang's personal bank accounts and Defendants used the commingled funds to pay investors.   Defendants never disclosed to investors that Onix Capital's ability to make payments on the notes depended upon Chang' willingness and ability to transfer funds to Onix Capital and on Onix Capital's continued ability to sell more notes.

## 2.      Defendants Invest Fraud Proceeds in Equity of Non-Public Companies and Transfer the Equity to Relief Defendants

34.      During the time period alleged in this Complaint, Defendants invested either directly or through a venture capital firm in non-public companies that were at various stages of development.   In exchange for the funds invested, Defendants held equity interests in the target non-public companies directly or through an intermediate entity created by the venture capital firm.   Some of these investments were in highly speculative development-stage or start-up companies.   Defendants did not realize any return on these equity investments during the time period alleged in this Complaint.

35.      Chang organized a Relief Defendant as an SPV to hold the equity interest for each non-public company in which Defendants invested.   Chang served as the sole manager for each Relief Defendant and always kept for himself a controlling ownership stake in the Relief Defendants.   Chang caused Onix Capital to transfer its interests in the non-public companies to the corresponding Relief Defendant in exchange for securities in the Relief Defendant.   Funds fraudulently raised from Onix Capital promissory note investors were used to pay, at least partially, for the investments in non-public companies held in each Relief Defendant.   Therefore,

each Relief Defendant holds equity in non-public companies that is derived, at least in part, from the funds of defrauded Onix Capital promissory note investors.

### 3.    Offering and Sale of Investments in Relief Defendants

36.    During the period April 2013 through January 2016, Defendants offered and sold equity interests in the Relief Defendants, at values determined by Chang, as an indirect equity investment in the non-public companies.  Defendants raised at least $1.7 million from at least eight investors through these solicitations and offerings.

37.    During the course of these offers and solicitations, Defendants provided prospective investors written and oral presentations describing the particular non-public company and its business, and documents relating to the investment.   Investor presentations were made in and from Miami Beach, and elsewhere in the United States, in person or via electronic and wire communication.  Defendants included in the written and oral presentations the material misrepresentations regarding Chang's background.

38.    After deciding to invest in a particular offering, investors sent payment to a United States bank account controlled by Chang.  Defendants represented to investors in the Relief Defendants that they would receive a membership interest in the Relief Defendants.

### 4.    Chang Received Compensation

39.    During the period of time relevant to this Complaint, Chang received compensation from Onix Capital in several ways, including (a) transferring money from Onix bank accounts containing investor proceeds and converting it to his own use, and (b) using Onix Capital investor funds to purchase securities for the Relief Defendants (in which he owned a majority interest).  From 2012 through March 2016, Chang transferred over $11 million from Onix Capital accounts to his own accounts, and used some of these funds for his own benefit and enjoyment, including spending approximately $1.4 million on property in the British Virgin

Islands, $62,500 at a clothing boutique, and $90,000 on a trip to Africa. Additionally, Chang was paid management fees pursuant to a formula outlined in the Relief Defendants' operating agreements.

### C.    Misrepresentations to Investors.

#### 1.    Source of Note Investment Payments

40.    Defendants guaranteed note investors annual returns ranging from approximately 12% up to approximately 19%. Defendants represented to promissory note investors that interest and principal payments on the promissory notes would be paid from Onix Capital investments in innovative companies. However, Onix Capital investments did not generate income during the time period relevant to this Complaint. Instead, Defendants paid $4.3 million to investors using investor funds that had been commingled by Chang.

41.    At least as early as April 2016, following the publication of information exposing the misrepresentations regarding Chang's background, Onix Capital stopped making payments on its promissory notes.

#### 2.    Misrepresentations of Chang's Investment Achievements and Wealth

42.    Defendants' presentations and statements to Onix Capital investors contained the following material misrepresentations:

   a.  Defendants represented that Chang earned an MBA from Stanford, knowing that this was not true.

   b.  Defendants represented that Chang was an early investor in Google, knowing that this was not true.

   c.  Chang represented that he turned a $10,000 investment in Google into more than $700 million, knowing that this was not true.

     d.  Defendants represented that Chang received a "Best Investor" award from the Angel Capital Association, knowing that this was not true.

43.     Defendants also misled investors in the 2013 PPM by providing investors a "certificate" which falsely represented that Chang's "accounts held with the financial institution J.P. Morgan [] in the United States [] add up to an amount exceeding one hundred million United States dollars" as of March 25, 2013. In truth, Chang's accounts with J.P. Morgan in the United States held less than $1 million on March 25, 2013, and, at all times relevant to this Complaint, Chang's holdings in said accounts were always less than $10 million.

**D.    The Fraud is Revealed**

44.     In March 2016, when articles were published which questioned the veracity of Defendants' misrepresentations regarding Chang's background and the financial soundness of his companies, Defendants' fraudulent scheme began to unravel.

45.     In late March 2016, Chang traveled to Malta and sought residency. Thereafter, Onix Capital ceased paying investors on the promissory notes.

46.     On April 11, 2016, staff of the Commission went to the Miami Beach offices shared by Onix Capital and Arcano Corp. to attempt to conduct an inquiry. The staff observed that the office was locked and appeared to be abandoned despite the fact that it was regular business hours.

47.     Between on or about March 24, 2016, and May 19, 2016, Chang transferred approximately $4 million, including Onix Capital investor funds, from bank accounts he controlled in the United States (leaving a total approximate balance in the accounts of only $34,600), including the accounts of Onix Capital, to various accounts in Malta, the United Kingdom, Switzerland, and Australia.

## CLAIMS FOR RELIEF

### COUNT 1
**Fraud in the Offer or Sale of Securities in
Violation of Section 17(a)(1) of the Securities Act
(Against Onix Capital and Chang)**

48.     The Commission adopts by reference paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49.     Defendants Onix Capital and Chang, knowingly or recklessly, in the offer or sale of securities by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly employed devices, schemes, or artifices to defraud.

50.     By reason of the foregoing, Onix Capital and Chang violated, and unless enjoined will continue to violate, Section 17(a)(1) of the Securities Act, 15 U.S.C. § 77q(a)(1).

### COUNT 2
**Fraud in the Offer or Sale of Securities in
Violation of Section 17(a)(2) of the Securities Act
(Against Onix Capital and Chang)**

51.     The Commission adopts by reference paragraphs 1 through 47 of this Complaint as if fully set forth herein.

52.     Defendants Onix Capital and Chang, negligently, in the offer or sale of securities by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly obtained money or property by means of untrue statements of material facts and omissions to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

53.     By reason of the foregoing, Onix Capital and Chang violated, and unless enjoined will continue to violate, Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2).

## COUNT 3
### Fraud in the Offer or Sale of Securities in
### Violation of Section 17(a)(3) of the Securities Act
### (Against Onix Capital and Chang)

54.     The Commission adopts by reference paragraphs 1 through 47 of this Complaint as if fully set forth herein.

55.     Defendants Onix Capital and Chang, negligently, in the offer or sale of securities by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly engaged in transactions, practices, or courses of business which operated or would have operated as a fraud or deceit upon the purchasers.

56.     By reason of the foregoing, Onix Capital and Chang violated, and unless enjoined will continue to violate, Section 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(3).

## COUNT 4
### Fraud in Connection with the Purchase or Sale of Securities in
### Violation of Section 10(b) and Rule 10b-5(a) of the Exchange Act
### (Against Onix Capital and Chang)

57.     The Commission adopts by reference paragraphs 1 through 47 of this Complaint as if fully set forth herein.

58.     Defendants Onix Capital and Chang, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, knowingly or recklessly employed devices, schemes or artifices to defraud in connection with the purchase or sale of securities.

59.     By reason of the foregoing, Onix Capital and Chang violated, and unless enjoined will continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5(a), 17 C.F.R. § 240.10b-5(a).

## COUNT 5
### Fraud in Connection with the Purchase or Sale of Securities in Violation of Section 10(b) and Rule 10b-5(b) of the Exchange Act (Against Onix Capital and Chang)

60.     The Commission adopts by reference paragraphs 1 through 47 of this Complaint as if fully set forth herein.

61.     Defendants Onix Capital and Chang, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, knowingly or recklessly made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

62.     By reason of the foregoing, Onix Capital and Chang violated, and unless enjoined will continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5(b), 17 C.F.R. § 240.10b-5(b).

## COUNT 6
### Fraud in Connection with the Purchase or Sale of Securities in Violation of Section 10(b) and Rule 10b-5(c) of the Exchange Act (Against Onix Capital and Chang)

63.     The Commission adopts by reference paragraphs 1 through 47 of this Complaint as if fully set forth herein.

64.     Defendants Onix Capital and Chang, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, knowingly or recklessly engaged in acts, practices, and courses of business which have operated as a fraud upon the purchasers of such securities.

65.     By reason of the foregoing, Onix Capital and Chang violated, and unless enjoined will continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5(c), 17 C.F.R. § 240.10b-5(c).

## COUNT 7
### Prohibited Transactions by Investment Advisers in
### Violation of Section 206(4) and Rule 206(4)-8(a)(1) of the Advisers Act
### (Against Chang)

66.     The Commission adopts by reference paragraphs 1 through 47 of this Complaint as if fully set forth herein.

67.     The Relief Defendants were "pooled investment vehicles" within the meaning of Rule 206(4)-8(b) of the Advisers Act.

68.     Defendant Chang, for compensation, engaged in the business of advising the Relief Defendants and investors in the Relief Defendants and the Onix Capital promissory notes as to the value of securities or as to the advisability of investing in, purchasing, or selling securities.   Chang was therefore an "investment adviser" within the meaning of Section 202(a)(11) of the Advisers Act, 15 U.S.C. § 80b-2(a)(11).

69.     Defendant Chang, by engaging in the conduct described above, directly or indirectly, by use of means or instrumentalities of interstate commerce or use of the mails, while acting as an investment adviser, engaged in acts, practices or courses of business that were fraudulent, deceptive, and manipulative.

70.     Defendant Chang, while acting as investment adviser to a pooled investment vehicle, made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to investors or prospective investors in the pooled investment vehicle.

71.     By reason of the foregoing, Chang violated, and unless enjoined is reasonably likely to continue to violate, Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Advisers Act Rule 206(4)-8(a)(1), 17 C.F.R. § 275.206(4)-8(a)(1).

## COUNT 8
### Prohibited Transactions by Investment Advisers in
### Violation of Section 206(4) and Rule 206(4)-8(a)(2) of the Advisers Act
### (Against Chang)

72.     The Commission adopts by reference paragraphs 1 through 47, and 67 through 69 of this Complaint.

73.     Defendant Chang, while acting as an investment adviser to a pooled investment vehicle, engaged in acts, practices, or course of business that were fraudulent, deceptive, or manipulative with respect to investors or prospective investors in a pooled investment vehicle.

74.     By reason of the foregoing, Chang violated, and unless enjoined is reasonably likely to continue to violate, Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Advisers Act Rule 206(4)-8(a)(2), 17 C.F.R. § 275.206(4)-8(a)(2).

### RELIEF REQUESTED

**WHEREFORE**, the Commission respectfully requests the Court find the Defendants committed the violations alleged, and:

A.     **Permanent Injunctive Relief**

Issue a Permanent Injunction restraining and enjoining Defendants from directly or indirectly violating Sections 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Section 206(4) of the Advisers Act and Rule 206-4-8(a) thereunder.

B.     **Asset Freeze**

Issue an Order freezing the assets of Defendants and Relief Defendants, until further Order of the Court.

C.     **Appointment of a Receiver**

Appoint a receiver over Defendant Onix Capital and the Relief Defendants.

### D.      Expedited Discovery

Issue an Order expediting discovery for the Commission to take during the period between issuance of a temporary asset freeze and the hearing on whether the asset freeze should continue during the pendency of the litigation.

### E.      Repatriation Order

Issue an Order directing Defendants and Relief Defendants to repatriate any funds held at any bank or other financial institution not subject to the jurisdiction of the Court.

### F.      Records Preservation

Issue an Order restraining and enjoining Defendants and Relief Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to Defendants and Relief Defendants, wherever located and in whatever form, electronic or otherwise, that refer or relate to the acts or courses of conduct alleged in this Complaint, until further Order of this Court.

### G.      Disgorgement

Issue an Order directing Defendants and Relief Defendant to disgorge all ill-gotten gains, including prejudgment interest, resulting from the acts or courses of conduct alleged in this Complaint.

**H.**     **Civil Penalty**

Issue an Order directing Defendants to pay civil money penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d) of the Exchange Act, 15 U.S.C. § 78(d)(3), and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e).

**I.**     **Further Relief**

Grant such other and further relief as may be necessary and appropriate.

## RETENTION OF JURISDICTION

The Commission respectfully requests that the Court retain jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that it may enter, or to entertain any suitable petition or motion by the Commission for additional relief within the jurisdiction of this Court.

## DEMAND FOR JURY TRIAL

The Commission hereby demands trial by jury.

Dated:  November 8, 2016

Respectfully submitted,

By: _____
Eric E. Morales
Counsel
S.D. Fla. No. A5500886
Telephone: (305) 416-6210
Email:  moralese@sec.gov

Andrew O. Schiff
Regional Trial Counsel
S.D. Fla. No. A5501900
Telephone:  (305) 982-6390
E-mail:  schiffa@sec.gov

Sean M. O'Neill
Senior Counsel
Fla. Bar No. 41774
Telephone:  (305) 982-6302
Email: oneills@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154