UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24678-CIV-COOKE

SECURITIES AND EXCHANGE COMMISSION, )
)
    Plaintiff, )
)
v. )
)
ONIX CAPITAL LLC, and )
ALBERTO CHANG-RAJII, )
)
    Defendants, and )
)
DEEP OCEAN LLC, )
NEXT CAB VENTURES LLC, )
NEXT CALL VENTURES LLC, )
NEXT CHAT VENTURES LLC, )
NEXT PAY VENTURES LLC, )
NEXT U VENTURES LLC, )
NEXT TRACK VENTURES LLC, and )
PROGRESSIVE POWER LLC, )
)
    Relief Defendants. )
_____ )

__ SEALED
__ NOT SEALED

Per Local Rule 5.4(d), the matter(s) shall remain sealed.
____ years; _____ (specific date);
____ permanently; _____ (other).

## [Proposed] RECEIVERSHIP ORDER

**WHEREAS** Plaintiff Securities and Exchange Commission has filed an emergency motion for the appointment of a Receiver for Defendant Onix Capital, LLC ("Onix") and Relief Defendants Deep Ocean LLC, Next Cab Ventures LLC, Next Call Ventures LLC, Next Chat Ventures LLC, Next Pay Ventures LLC, Next U Ventures LLC, Next Track Ventures LLC, and Progressive Power LLC (collectively, "Relief Defendants"), with full and exclusive power, duty and authority to: administer and manage the business affairs, funds, assets, choses in action and any other property of Onix and the Relief Defendants; marshal and safeguard all of the assets of Onix and the Relief Defendants; and take whatever actions are necessary for the protection of the investors;

**WHEREAS,** the Commission has made a sufficient and proper showing in support of the relief requested;

WHEREAS, the Commission has submitted the credentials of a candidate to be appointed as Receiver of all of the assets, properties, books and records, and other items of Onix and Relief Defendants, including properties, assets and other items in their names or their principals' names, and the Commission has advised the Court that this candidate is prepared to assume this responsibility if so ordered by the Court;

**IT IS THEREFORE ORDERED** that _____ is hereby appointed the Receiver for Onix and Relief Defendants, their subsidiaries, successors and assigns, and is hereby authorized, empowered, and directed to:

1. Take immediate possession of all property, assets and estates of every kind of Defendant and Relief Defendants, whatsoever and wherever located belonging to or in the possession of Defendant and Relief Defendants, including but not limited to all offices maintained by Defendant and Relief Defendants, rights of action, books, papers, data processing records, evidences of debt, bank accounts, savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property of Defendant and Relief Defendants, wherever situated, and to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court;

2. Investigate the manner in which the affairs of Onix and Relief Defendants were conducted and institute such actions and legal proceedings, for the benefit and on behalf of Onix and Relief Defendants, and their investors and other creditors, as the Receiver deems necessary against those individuals, corporations, partnerships, associations and/or unincorporated organizations, which the Receiver may claim have wrongfully, illegally or otherwise improperly misappropriated or transferred monies or other proceeds directly or indirectly traceable from investors in Onix and Relief Defendants, including against Onix and Relief Defendants, their officers, directors, employees, affiliates, subsidiaries, or any persons acting in concert or participation with them, or against any transfers of money or other proceeds directly or indirectly traceable from investors in Onix and Relief Defendants; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Florida Statute § 726.101, *et. seq.* or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order;

3. Present to this Court a report reflecting the existence and value of the assets of Onix and Relief Defendants and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of Onix and Relief Defendants;

4. Appoint one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses, as well as all reasonable expenses of taking possession of the assets and business of Onix and Relief Defendants, and exercising the power granted by this Order, subject to approval by this Court at the time the Receiver accounts to the Court for such expenditures and compensation;

5. Engage persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities, including, but not limited to, the United States Marshal's Service or a private security firm;

6. Defend, compromise or settle legal actions, including the instant proceeding, in which Onix and Relief Defendants or the Receiver are a party, commenced either prior to or subsequent to this Order, with authorization of this Court; except, however, in actions where Onix and Relief Defendants are nominal parties, as in certain foreclosure actions where the action does not effect a claim against or adversely affect the assets of Onix and Relief Defendants, the Receiver may file appropriate pleadings at the Receiver's discretion. The Receiver may waive any attorney-client or other privilege held by Onix and Relief Defendants;

7. Assume control of, and be named as authorized signatory of, all accounts at any bank, brokerage firm or financial institution which has possession, custody or control of any assets or funds, wherever situated, of Onix and Relief Defendants and, upon, order of this Court, of any of their subsidiaries or affiliates, provided that the Receiver deems it necessary;

8. Make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by the Receiver, and incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary, and advisable in discharging the Receiver's duties;

9. Have access to and review all mail of Defendant Alberto Chang-Rajii ("Chang") received at any office or address of Onix and Relief Defendants (except for mail that appears on its face to be purely personal or attorney-client privileged) and all mail of Onix and Relief Defendants. All mail of Chang that is opened by the Receiver and, upon inspection, is

determined by the Receiver to be personal or attorney-client privileged shall be promptly delivered to the addressee and the Receiver shall not retain any copy.

**IT IS FURTHER ORDERED** that, in connection with the appointment of the Receiver provided for above:

10. Onix and Relief Defendants and all of their directors, officers, agents, employees, attorneys, attorneys-in-fact, shareholders, and other persons who are in custody, possession, or control of any assets, books, records, or other property of Onix and Relief Defendants shall deliver forthwith upon demand such property, monies, books and records to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in the name of or for the benefit of Onix and Relief Defendants;

11. All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of, or for the benefit of, Onix and Relief Defendants shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

12. Unless authorized by the Receiver, Onix and Relief Defendants and their principals shall take no action, nor purport to take any action, in the name of or on behalf of Onix and Relief Defendants;

13. Onix and Relief Defendants and their principals, respective officers, agents, employees, attorneys, and attorneys-in-fact, shall cooperate with and assist the Receiver, including, if deemed necessary by the Receiver, appearing for deposition testimony upon two (2) business days' notice (by email or facsimile), and producing documents upon two (2) business days' notice, while the Commission's request for an Asset Freeze is pending. Onix and Relief Defendants and their principals, and respective officers, agents, employees, attorneys, and attorneys-in-fact shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of the Receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, and choses in action described above;

14. The Receiver, and any counsel whom the Receiver may select, are entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by Onix and Relief Defendants; said amount or amounts of compensation shall

be commensurate with their duties and obligations under the circumstances, subject to approval of the Court;

15. During the period of this receivership, all persons, including creditors, banks, investors, or others, with actual notice of this Order, are enjoined from filing a petition for relief under the United States Bankruptcy Code without prior permission from this Court, or from in any way disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings which involve the Receiver or which affect the property of Onix and Relief Defendants;

16. The Receiver is fully authorized to proceed with any filing the Receiver may deem appropriate under the Bankruptcy Code as to Onix and Relief Defendants;

17. Title to all property, real or personal, all contracts, rights of action, and all books and records of Onix and Relief Defendants and their principals, wherever located within or without this state, is vested by operation of law in the Receiver;

18. Upon request by the Receiver, any company providing telephone services to Onix and Relief Defendants shall provide a reference of calls from any number presently assigned to Onix and Relief Defendants to any such number designated by the Receiver or perform any other changes necessary to the conduct of the receivership;

19. Any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to Onix and Relief Defendants shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver;

20. The United States Postal Service is directed to provide any information requested by the Receiver regarding Onix and Relief Defendants, and to handle future deliveries of the mail of Onix and Relief Defendants as directed by the Receiver;

21. No bank, savings and loan association, other financial institution, or any other person or entity shall exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

22. No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence or greater, the Receiver shall not be liable for any loss or damage incurred by Onix and Relief Defendants or by the Receiver's officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by

the Receiver in connection with the discharge of the Receiver's duties and responsibilities;

23.   Service of this Order shall be sufficient if made upon Onix and Relief Defendants, and their principals, or their counsel, by email, facsimile or overnight courier;

24.   In the event the Receiver discovers that funds of persons who have invested in Onix and Relief Defendants have been transferred to other persons or entities, the Receiver shall apply to this Court for an Order giving the Receiver possession of such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds;

25.   Immediately upon entry of this Order, the Receiver may take depositions upon oral examination of parties and non-parties subject to two (2) business days' notice. In addition, the Receiver may issue subpoenas for documents, things and electronically stored information to non-parties calling for production within one week of service. The Receiver also shall be entitled to serve interrogatories, requests for the production of documents and electronically stored information, and requests for admissions. The parties shall respond to such discovery requests within two (2) business days of service. Service of discovery requests shall be sufficient if made upon the parties by facsimile or overnight courier. Depositions may be taken by telephone or other remote electronic means; and

26.   This Court shall retain jurisdiction of this matter for all purposes.

**DONE AND ORDERED** in Chambers in _____, Florida, this ____ day of November, 2016.

_____
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record