UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-24678-COOKE/TORRES

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ONIX CAPITAL LLC, and
ALBERTO CHANG-RAJII,

    Defendants, and

DEEP OCEAN LLC,
NEXT CAB VENTURES LLC,
NEXT CALL VENTURES LLC,
NEXT CHAT VENTURES LLC,
NEXT PAY VENTURES LLC,
NEXT U VENTURES LLC,
NEXT TRACK VENTURES LLC, and
PROGRESSIVE POWER LLC,

    Relief Defendants.
_____

**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF
AS TO DEFENDANT ONIX CAPITAL LLC**

The Securities and Exchange Commission having filed a Complaint, and Defendant Onix Capital LLC ("Onix Capital") having entered a general appearance; consented to the Court's jurisdiction over it and over the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief as to Defendant Onix Capital LLC ("Judgment") without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Onix Capital admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

**SECTION 17(a)(1) OF THE SECURITIES ACT OF 1933**

**IT IS ORDERED AND ADJUDGED** that Onix Capital is permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    (a)    to employ any device, scheme, or artifice to defraud; or

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A)    any investment strategy or investment in securities,

    (B)    the prospects for success of any product or company,

    (C)    the use of investor funds,

    (D)    compensation to any person,

    (E)    Onix Capital's qualifications to advise investors; or

    (F)    the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Onix Capital's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Onix Capital or anyone described in section (a) of this paragraph.

## II.

## SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934
## AND EXCHANGE ACT RULE 10b-5

**IT IS FURTHER ORDERED AND ADJUDGED** that Onix Capital is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rules 10b-5, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Onix Capital's qualifications to advise investors; or

(F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Onix Capital's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Onix Capital or anyone described in section (a) of this paragraph.

## III.
## DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and if so, the amount(s) of disgorgement and/or civil penalty. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from April 30, 2016, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for civil penalty, and at any hearing held on such a motion: (a) Onix Capital will be precluded from arguing it did not violate the federal securities laws as alleged in the Complaint; (b) Onix Capital may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalty, the parties may take discovery, including discovery from appropriate non-parties.

## IV.
## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated with the same force and effect as if fully set forth herein, and that Onix Capital shall comply with all of the undertakings and agreements set forth therein.

## V.
## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VI.
## **RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 26TH day of January 2017.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge