UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF FLORIDA

CASE NO.: 16-CV-24678-Cooke/Torres

SECURITIES AND EXCHANGE
COMMISSION

      Plaintiff,

v.

ONIX CAPITAL LLC, and
ALBERTO CHANG-RAJII,

      Defendants, and

DEEP OCEAN LLC, et al.,
NEXT CAB VENTURES LLC,
NEXT CALL VENTURES LLC,
NEXT CHAT VENTURES LLC,
NEXT PAY VENTURES LLC,
NEXT TRACK VENTURES LLC, and
PROGRESSIVE POWER LLC,

      Relief Defendants.

_____/

**MOTION FOR PERMISSION TO FILE INVOLUNTARY BANKRUPTCY PETITION
AND INCORPORATED MEMORANDUM OF LAW**

      Ely Magendzo, Inver Corp, NES SPA and Estanislao Bernardo Gonczanski ("Putative Petitioners"), by their undersigned counsel, and pursuant to this Court's March 28, 2017 Endorsed Order [D.E. 78] hereby move this Court to grant permission for them to file an involuntary bankruptcy petition against Onix Capital, LLC and in support thereof state as follows:

## I.    BACKGROUND

1.    Following a hearing on January 23, 2017, Magistrate Judge Edwin Torres issued a Report and Recommendation recommending that the Securities and Exchange Commission's ("SEC") Emergency Motion for Appointment of Receiver be granted in part [D.E. 72].

2.    On March 28, 2017, this Court entered an Endorsed Order [D.E. 78], granting in part and denying in part the SEC's Emergency Motion to Appoint Receiver [D.E. 4] and adopting the Report and Recommendation [D.E. 72].

3.    Paragraph 21 of the Report and Recommendation adopted by the Court states as follows:

> Notwithstanding any claims (including motions for substantive consolidation) commenced in a United States Court by Liquidator against Onix or the Relief Defendants, all persons with actual notice of this Order, including creditors, banks, investors, or others, are enjoined from filing a petition for relief under the United States bankruptcy Code with respect to Onix or the Relief Defendants without permission from this Court.

[D.E. 72, ¶21].

4.    Putative Petitioners are creditors of Onix Capital LLC by virtue of due, unpaid, and defaulted upon promissory notes issued to Putative Petitioners in a sum in excess of $500,000.00.

5.    Putative Petitioners have jointly retained counsel to file an involuntary bankruptcy petition under the U.S. Bankruptcy Code against Onix Capital, LLC.

6.    Putative Petitioners had engaged the undersigned and were on the eve of filing a petition for the involuntary bankruptcy of Onix Capital LLC when this Court entered the Endorsed Order Adopting the Report and Recommendation [D.E. 78].

-2-

7.      Pursuant to Paragraph 21 of the Report and Recommendation adopted by the Court, Putative Petitioners hereby seek this Court's permission to file a petition for relief under Chapter 7 of the U.S. Bankruptcy Code.

8.      The Putative Petitioners, with consultation of counsel, believe that the Bankruptcy Court for the Southern District of Florida is the more appropriate forum to handle the assets and litigation relating to Onix Capital, LLC.  The Putative Petitioners understand that Defendant Alberto Chang Rajii ("Mr. Chang") fled to Malta in April 2016, where he remains under house arrest fighting his extradition to Chile and, upon information and belief, Onix Capital LLC is no longer in operation and has no employees.

9.      The Putative Petitioners assert that a bankruptcy filing will enable a bankruptcy trustee to exercise powers uniquely available under Title 11, which are not available to the Receiver.

10.     Moreover, given the pending Chapter 15 proceeding for Onix Capital, S.A., the Putative Petitioners believe that the Bankruptcy Court is in a better position to marshal the assets of Onix Capital, LLC and any litigation relating thereto, while minimizing potential conflicts that may result from a liquidation process pursued in a separate proceeding in a separate court for Onix Capital, LLC.

11.     Based on a review of the electronic docket, it appears no creditors or investors filed papers in support, or in opposition, of the SEC's Emergency Motion to Appoint Receiver, other than the Chilean liquidator for Onix Capital, S.A..

12.     Accordingly, the Putative Petitioners assert that their position as creditors of Onix Capital, LLC in favor of a bankruptcy proceeding brought under Title 11 of the United States

Code should be considered, since as creditors, they are the main constituency for whose protection  gives rise to the appointment of the Receiver.

13.     Moreover, the Putative Petitioners assert that it would be inefficient and duplicative to rely on the Receiver to bring claims on behalf of the Putative Petitioners when the Bankruptcy Court has a proven model to determine this type of claim and distribute assets.

## II.     MEMORANDUM OF LAW

Putative Petitioners are each holders of claims, which are non-contingent as to liability and not subject of a bona fide dispute as to liability or amount  as required for the filing of an involuntary petition under 11 U.S.C. § 303. Paragraph 21 of the Report and Recommendation is an injunction limiting the Putative Petitioners' ability to file an involuntary bankruptcy petition under 11 U.S.C. § 303 without permission from this Court. [D.E. 72, ¶21].  Putative Petitioners seek permission to file an involuntary petition against Onix Capital, LLC to avail themselves of the appointment of a bankruptcy trustee with the unique powers available under Title 11 and so that all the affairs of Onix Capital, LLC may be adjudicated in one court, thus avoiding any conflicts with the pending Chapter 15 proceeding for Onix Capital, S.A.

In deciding a case of first impression, the U.S. District Court for the Northern District of Texas in *Jordan v. Indep. Energy Corp.*, 446 F. Supp. 516 (N.D. Tex. 1978) permitted creditors to file an involuntary petition in bankruptcy pending a decision on whether the court could or should prohibit access to the bankruptcy forum.  In its decision, the court stated that an order restricting access to bankruptcy court, other than as specifically provided by Congress in the Bankruptcy Act, would not be in the public interest and would not be granted if pre-requisites for such extreme relief were not established. The *Jordan* court discussed the requirements for an injunction, finding that an injunction limiting access to bankruptcy courts did not satisfy those

requirements. The court further stated that creditors would be irreparably harmed by their inability to secure access to the rights afforded creditors under the Bankruptcy Act. The court held that an order restricting access to the bankruptcy court would not be in the public interest.

While the district court's power to enjoin access to the bankruptcy court has been recognized, the Second Circuit states that it is a power that should be exercised cautiously. *S.E.C. v. Byers*, 609 F.3d 87 (2d Cir. 2010). "An anti-litigation injunction is simply one of the tools available to courts to help further the goals of the receivership. While such injunctions are to be used sparingly, there are situations in which they are entirely appropriate." *Id.* at 93. The court in *S.E.C. v. Illarramendi*, 2012 WL 5832330 (D. Conn. 2012) applied a three part test first articulated by the Ninth Circuit in *SEC v. Wencke*, 742 F.2d 1230 (9th Cir. 1984). The three part test has since been adopted by the Second, Fifth and Third Circuits. See, e.g., *SEC v. Byers* ("Byers I "), 592 F.Supp.2d 532, 536–37 (S.D.N.Y. 2008), aff'd 609 F.3d 87, 91–92; *SEC v. Stanford Int'l Bank, Ltd.*, No. 10–10336, 2011 WL 1758763, at *2 (5th Cir. 2011); *United States vs. Acorn Tech. Fund, L.P.*, 429 F.3d at 444–45 (3d Cir. 2005).

*Wencke* identified three factors for determining whether, in a receivership context, an injunction against litigation should be lifted: (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim. *Wencke,* 742 F.2d at 1231. The burden "is on the movant to prove that the balance of the factors weighs in favor of lifting the stay." *United States v. Petters*, No. 08–5348 ADA/SJM, 2008 WL 5234527, at *3 (D. Minn. 2008).

In the instant case, Putative Petitioners believe that the failure to grant permission to permit the filing of an involuntary petition will cause substantial injury to the Putative Petitioners and other creditors of Onix Capital, LLC since certain avoidance actions that are unique to the powers of a Trustee in bankruptcy court will be unavailable to the Receiver.  Since this Motion is made within days after this Court's Order appointing the Receiver, the request for permission to file an involuntary bankruptcy petition is being made at the inception of the receivership so as not to waste judicial resources or cause a potential detriment to the receivership estate.

The instant facts are distinguishable from the facts in the *Byers* case since here, the creditors with a pecuniary interest in recovering the assets of Onix Capital, LLC are requesting permission to institute an involuntary bankruptcy petition.  In the *Byers* case, the U.S. District Court for the Southern District of New York analyzed a request by the directors or management of a corporation seeking to file a voluntary petition in an effort to avoid the institution of a receivership after an allegation of fraud or mismanagement.  Here, the request for permission has merit in that the Putative Petitioners are seeking to file an involuntary petition, which will invoke the appointment of a Trustee with powers not available to the Receiver and which will bring the adjudication of the affairs of Onix Capital, LLC within the same forum as its affiliate, Onix Capital, S.A.

Furthermore, the granting of permission for the Putative Petitioners to file an involuntary bankruptcy petition will place all of Onix Capital, LLC's assets within the Bankruptcy Court's jurisdiction.  Though there are other affiliates (believed to be single purpose entities holding one asset each) involved, the largest affiliate by far is Onix Capital, S.A. and it too is already before the Bankruptcy Court.  The facts in *Byers* that caused that court's concern that certain assets would be removed from the receivership estate to the detriment of other creditors are not present

here because in *Byers* the assets of the various receivership entities were in multiple countries and appeared comingled. Here, the receivership is itself limited to the United States and the entities do not appear to have comingled assets (though there are certainly contentions as to the origin and use of monies from other affiliates and insiders).   On the contrary, the filing of the involuntary bankruptcy petition seeks to bring the assets of Onix Capital, LLC within one forum in the Bankruptcy Court, which is already overseeing a pending Chapter 15 bankruptcy proceeding for its largest affiliate Onix Capital S.A.   Putative Petitioners seek to have a proceeding in bankruptcy for Onix Capital, LLC so that its assets, liabilities, and affairs can be managed in the same forum as its affiliate, Onix Capital, S.A. and any conflict between the Receiver, the receivership estate and the pending Chapter 15 proceeding would be avoided or minimized.

### III.    CONCLUSION

In this case, the Putative Petitioners' request for permission to file an involuntary bankruptcy proceeding against Onix Capital, LLC would avoid irreparable harm to the creditors of Onix Capital, LLC and would serve the interest of all creditors and the public interest.   Thus, the Putative Petitioners request permission to file an involuntary bankruptcy petition against Onix Capital, LLC.

### IV.    REQUEST FOR EXPEDITED HEARING AND RELIEF

Putative Petitioners' request for permission to file an involuntary bankruptcy proceeding warrants an expedited hearing or expedited relief as the issues relating to the potential involuntary filing become more complex with the passage of time and the permission to file an involuntary petition is time sensitive.   Importantly, the date of an involuntary filing sets the

petition date from which rights to avoid preferential or fraudulent transfers run.  Accordingly, the requested relief is of a time sensitive nature and warrants expedited consideration.

WHEREFORE, for the reasons set forth above, Putative Petitioners respectfully request this Court grant permission for Putative Petitioners to file a petition for the involuntary bankruptcy of Onix Capital LLC under the U.S. Bankruptcy Code and grant any further relief it deems just, fair, and equitable.

## V.    CERTIFICATION UNDER LOCAL RULE 7.1

Counsel for the movant has conferred with the Receiver, counsel for the Intervenor, Carlos Antonio Parada Abate, counsel for the Securities and Exchange Commission and counsel for the Relief Defendants in a good faith effort to resolve the issues raised in the Motion and has been unable to do so. The Receiver and the Relief Defendants have advised they oppose the relief sought in the Motion.  Counsel for the Intervenor has advised that the Intervenor does not object to the relief sought in the Motion.  Counsel has conferred with counsel for the Securities and Exchange Commission and was advised that the Securities and Exchange Commission takes no position in support of or in opposition of the Motion. Under these circumstances, the issues in the Motion remain unresolved.

Dated: April 3, 2017

Respectfully submitted,
GrayRobinson, P.A.
*Counsel for the Putative Petitioners*
333 SE 2nd Avenue, Suite 3200
Miami, FL 33131
Leyza.Blanco@gray-robinson.com
Drew.Haggard@gray-robinson.com

By::   */s/ Leyza F. Blanco*
          Leyza F. Blanco
          Florida Bar Number 104639
          Drew S. Haggard
          Florida Bar Number 124379

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF filing system with the Clerk of the Court, which sent email notification of such filing to all CM/ECF participants in this case listed on the Service List on March 30, 2017.

/s/Leyza F. Blanco
Leyza F. Blanco, Esq.

## SERVICE LIST

Sharon L. Kegerreis
Berger Singerman LLP
1450 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone: (305) 714-4393
Email: skegerreis@bergersingerman.com

Eric E. Morales
Andrew O. Schiff
Sean M. O'Neill
Securities Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Email: moralese@sec.gov
Email: schiffa@sec.gov
Email: oneills@sec.gov


Edward H. Davis
Gregory S. Grossman
Arnoldo B. Lacayo
Cristina Vicens Beard
ASTIGARRAGA DAVIS
MULLINS & GROSSMAN, P.A.
1001 Brickell Bay Dr., 9th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: edavis@astidavis.com
Email: ggrossman@astidavis.com
Email: alacayo@astidavis.com
Email: cvicens@astidavis.com