UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-24678-COOKE/TORRES

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ONIX CAPITAL LLC *et al.*,

    Defendants.
_____/

## RECEIVERSHIP ORDER

**WHEREAS,** Plaintiff SECURITIES AND EXCHANGE COMMISSION ("the Commission") filed an Emergency Motion for the Appointment of a Receiver [D.E. 4] for Defendant ONIX CAPITAL LLC ("Onix") and Relief Defendants DEEP OCEAN LLC, NEXT CAB VENTURES LLC, NEXT CALL VENTURES LLC, NEXT CHAT VENTURES LLC, NEXT PAY VENTURES LLC, NEXT U VENTURES LLC, NEXT TRACK VENTUES LLC, and PROGRESSIVE POWER LLC ("Relief Defendants");

**WHEREAS**, the Commission acknowledges *In re Onix Capital, S.A.*, Case No. 16-BK-26082 (S.D. Fla. 2016), a proceeding initiated under Chapter 15 of the United States Bankruptcy Code by Carlos A. Parada Abate ("Liquidator") of Onix Capital S.A., a Chilean entity affiliated with Defendant Alberto Chang-Rajii;

**WHEREAS**, the Commission has made a sufficient and proper showing of the relief requested; and

**WHEREAS**, the Commission has submitted the credentials of a candidate to be appointed Receiver;

The Court, having reviewed the Motion and being fully advised in the premises, hereby appoints MELANIE DAMIAN ("Receiver") to serve as Receiver over Onix and Relief Defendants, their subsidiaries, successors and assigns, and is hereby authorized, empowered and directed to perform the duties as further outlined herein.

1. Exercise full power and control to administer and manage the business affairs, funds, assets, properties, books and records, choses in action and any other financial instrument or asset of value (hereinafter, "assets") of Onix and the Relief Defendants located within the United States. This includes the authority to retain or discharge any counsel, consultant or other contractor previously retained by Onix or the Relief Defendants.

2. Marshal and safeguard all such assets and take whatever actions necessary for the protection of any investors of Onix and/or Relief Defendants discussed above.

3. Take immediate control and possession of all assets located within the United States belonging to or in possession of Defendant or Relief Defendants, including but not limited to all offices maintained by Onix and Relief Defendants, rights of action, books, papers, data, processing records, evidences of debt, bank accounts, savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and

all real property belonging to Defendant and Relief Defendants, situated anywhere in the United States, and to administer such assets as is required in order to comply with the directions contained in this Order.

4. Hold any such assets pending further order of this Court.

5. Assume control and be named authorized signatory of all accounts at any bank, brokerage firm, financial institution or any other entity within the United States that has possession, custody or control of any assets or funds of Onix or Relief Defendants or any subsidiary that the Receiver deems necessary.

6. Access and review any mail of Defendant Alberto Chang-Rajii ("Chang") or any of the Relief Defendants received at any office or address of same located within the United States, notwithstanding any mail that appears on its face to be purely personal or protected by the attorney-client privilege (which should be immediately delivered to the addressee).

7. Investigate the aforementioned assets, documents, and other items to ascertain the identity of any additional investors, debtholders, or other persons located within the United States and having any connection to these proceedings.

8. Notify Liquidator upon discovery of the identity of any additional investors, debtholders, assets, documents, property or other items located outside of the United States and cooperate with Liquidator for any recovery of same.

9. Following a request seeking authorization from this Court, employ legal counsel and appoint special agents, actuaries, accountants, clerks,

consultants, and/or assistants as deemed necessary by the receiver to exercise the powers granted herein.

10. Pay reasonable compensation and expenses to the persons listed in Paragraph 9.

11. Receive reasonable compensation from the assets now held by or in the possession or control of Onix and Relief Defendants located within the United States. This compensation shall be commensurate with the Receiver's duties and obligations outlined in this Order, and will be subject to approval of this Court.

12. Following a request seeking authorization from this Court, defend, compromise or settle legal actions in which Onix, the Relief Defendants or the Receiver are a party, commenced either prior to or subsequent to this Order, including the instant proceedings.

13. Seek authorization separate and apart from the actions described in Paragraph 12 to settle, resolve or otherwise terminate any claims that may be asserted in the currently pending bankruptcy proceeding, *In re Onix Capital, S.A.*, Case No. 16-BK-26082 (S.D. Fla. 2016).

14. Apply to this Court to seek any additional authorization of powers not specifically enumerated herein in an effort to carry out the Receiver's responsibilities.

In connection with the appointment of the Receiver, Onix and Relief Defendants – including any directors, officers, agents, employees, attorneys, attorneys-in-fact, shareholders, and other persons – shall:

15. Deliver upon demand by the Receiver any assets, books, records or other property of Onix or Relief Defendants located within the United States to the Receiver.

16. Grant Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions located within the United States which hold possession, custody or control of any assets of funds in the name or for the benefit of Onix and Relief Defendants.

17. Refrain from taking action in the name of or on behalf of Onix and Relief Defendants concerning any asset, property, account, or any other such item at issue in this proceeding unless authorized by the Receiver.

18. Cooperate with and assist the Receiver with carrying out the responsibilities and powers outlined in this Order.

19. Refrain from any attempts to interfere, obstruct or hinder the efforts of the Receiver with the carrying out of responsibilities and powers outlined in this Order, either directly or indirectly.

20. All banks, brokerage firms, financial institutions and other business entities which have possession, custody or control of any assets, funds or accounts located within the United States and in the name of, or for the benefit of, Onix and Relief Defendants are hereby ordered to cooperate in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver. No such bank, savings and loan association, other financial institution or any other person or entity shall exercise any form of set-off, alleged set-off, lien, or

any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court.

21. Notwithstanding any claims (including motions for substantive consolidation) commenced in a United States Court by Liquidator against Onix or the Relief Defendants, all persons with actual notice of this Order, including creditors, banks, investors, or others, are enjoined from filing a petition for relief under the United States bankruptcy Code with respect to Onix or the Relief Defendants without permission from this Court.

22. Notwithstanding any claims (including motions for substantive consolidation) commenced in a United States Court by Liquidator against Onix or the Relief Defendants, no persons with actual notice of this Order, including creditors, banks, investors, or others, shall disturb the assets or proceeds of the receivership or proceedings that involve the Receiver or which affect the property of Onix and Relief Defendants without permission from this Court.

23. The Receiver ***must*** seek permission of this Court to proceed with any filing the Receiver may deem appropriate under the Bankruptcy Code as to Onix and Relief Defendants.

24. Title to all property, real or personal, all contracts, rights of action, and all books and records of Onix and Relief Defendants and their principals, located within the United States, is vested in the Receiver by operation of law.

25. Except for an act of gross negligence or greater, Receiver shall not be liable for any loss or damage incurred by Onix and Relief Defendants or by the

Receiver's officers, agents, employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of the Receiver's duties and responsibilities as outlined by this Order.

26. No bond shall be required in connection with the appointment of the Receiver.

27. This Court shall retain jurisdiction of this matter for all purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of March, 2017.[1]

*[signature]*
MARCIA G. COOKE
United States District Judge

Copies provided to:
*Edwin G. Torres,* U.S. Magistrate Judge
*Counsel of Record*

---

[1] The date of this Order reflects the day the Court Adopted Magistrate Judge Edwin G. Torres's Report and Recommendation and proposed Receivership Order (ECF No. 78).