IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-24678-COOKE/TORRES

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

ONIX CAPITAL LLC, *et al.*

      Defendants.

_____/

**RECEIVER'S MOTION FOR AUTHORIZATION
TO EMPLOY COUNSEL FOR RECEIVER**

Melanie E. Damian, Esq., as receiver (the "Receiver") for Defendant ONIX CAPITAL LLC ("Onix") and Relief Defendants DEEP OCEAN LLC, NEXT CAB VENTURES LLC, NEXT CALL VENTURES LLC, NEXT CHAT VENTURES LLC, NEXT PAY VENTURES LLC, NEXT U VENTURES LLC, NEXT TRACK VENTUES LLC, and PROGRESSIVE POWER LLC (collectively, the "Relief Defendants"), hereby files her Motion for Authorization to Employ Counsel for Receiver, and states as follows:

1.     This action commenced on November 8, 2016 with the filing of the Securities and Exchange Commission's (the "Commission") Complaint for Injunctive and Other Relief against Defendant and Relief Defendants [ECF No. 1], the Commission's Emergency Motion for Appointment of Receiver and Memorandum of Law in Support [ECF No. 4] (the "Receivership Motion"), and the Commission's Emergency Motion for Asset Freeze and Other Relief [ECF No. 7].

2.     That same day, the Court entered an Endorsed Order referring to Magistrate Judge Torres the Receivership Motion and other pending Motions.  *See* ECF No. 12.

3.      On February 28, 2017, Magistrate Judge Torres entered his Report and Recommendation on the Receivership Motion, recommending that it be granted in part, including its request to appoint the Receiver.  *See* ECF No. 72.

4.      On March 28, 2017, this Court entered an Endorsed Order Granting in Part and Denying in Part the Receivership Motion, affirming and adopting Magistrate Judge Torres's Report and Recommendation, appointing Melanie E. Damian, Esq. as Receiver of the Defendant and the Relief Defendants, and stating that the Receivership Order attached to the Report and Recommendation is affirmed and adopted as the order of this Court.  *See* ECF No. 78.

5.      On April 4, 2017, the Court signed and entered the Receivership Order.  *See* ECF No. 84.

6.      Pursuant to the Receivership Order, the Receiver is empowered and directed to, among other things, "[t]ake immediate control and possession of all assets located within the United States belonging to or in possession of Defendant or Relief Defendants . . . and to administer such assets as is required in order to comply with the directions contained in this Order."  ECF No. 84 at ¶ 3.

7.      Further, the Receiver is empowered and directed to, "[f]ollowing a request seeking authorization from this Court, employ legal counsel . . . as deemed necessary by the receiver to exercise the powers granted herein."  *Id*. at ¶ 9.

8.      In addition, the Receiver is authorized to "[p]ay reasonable compensation and expenses to the persons listed in Paragraph 9[,] . . . and [r]eceive reasonable compensation from the assets now held by or in the possession or control of Onix and Relief Defendants located within the United States[, which] compensation shall be commensurate with the Receiver's

2

duties and obligations outlined in this Order, and will be subject to approval of this Court." *Id*. at ¶¶ 10 and 11.

9.      In light of the Receiver's duties under the Receivership Order, the nature of the assets of the Receivership Estate, the complications of locating and communicating with the investors and creditors of the Estate, the delay and difficulties in obtaining information and documents from banks and interested parties including the Liquidator of Onix Capital, S.A., the attempt by certain creditors and the Liquidator to place Onix in involuntary bankruptcy, and the dispute with the Liquidator regarding the scope of the Receiver's powers and duties, the Receiver required the assistance of attorneys and other professionals to expeditiously address the foregoing matters and fulfill her duties under the Receivership Order.  It would not have been possible for the Receiver to timely address these issues without the assistance of legal counsel. As such, having achieved great success employing her firm in a number of other federal equity receivership matters involving similar issues related to asset recovery, investor/creditor communications, discovery and document review, bankruptcy, and the scope and purpose of the receivership, and mindful of the inefficiencies and other challenges associated with employing and supervising a separate law firm to assist in fulfilling her duties under the appointment order, the Receiver filed a Motion for Authorization to Employ Damian & Valori, LLP as Counsel soon after her appointment.

10.      Since then, the Receiver has worked with other attorneys at Damian & Valori, LLP to identify, locate and secure assets of the Estate, communicate with investors and creditors, review and analyze voluminous documents, analyze transfers involving investors and creditors and Onix and the Relief Defendants, and engage in motion practice with creditors and the Liquidator challenging the procedural posture and scope of the receivership.  In particular, the

Receiver and her partner Kenneth Dante Murena sent letters and spoke to all persons and entities known to have possession, custody or control over any assets of the Receivership Estate, including the technology companies in which, and the venture capital firms through which, the Relief Defendants or their investors invested.  Further, the Receiver, Mr. Murena and other attorneys at Damian & Valori, LLP reviewed tens of thousands of documents provided by the Commission, certain investors of the Relief Defendants, and certain of the technology and venture capital firms to identify and marshal assets of the Receivership Estate, determine who are creditors and investors of Onix and the Relief Defendants, trace the funds of those investors and creditors to confirm amounts invested, losses, the location of those funds, and any assets purchased therewith, and ultimately recover them for the benefit of the Estate.

11.    Moreover, the Receiver and Mr. Murena met with the Liquidator, his counsel, and the Veedor appointed in a lawsuit brought by the creditors of Onix Capital, S.A. against its principal Alberto Change-Rajii, to discuss the proceedings in Chile, the assets and creditors of the Estate of Onix Capital, S.A., the assets, creditors and investors of Onix and the Relief Defendants, and analyses the Liquidator and his counsel claim to have performed regarding all of the foregoing. The Receiver with the assistance of attorneys and staff at her firm sent letters and the Receivership Order to all known creditors and investors of the Estate, created a website, and spoke to and met with several investors and creditors, to inform them of the commencement and status of the Receivership and to request information and documents regarding their investments in, loans to, disbursements from, and any other involvement with Onix and the Relief Defendants.

12.    Finally, the Receiver with the assistance of other attorneys at Damian & Valori, LLP prepared and filed (i) a Response to certain creditors' Motion for permission to file

involuntary bankruptcy petition as to Onix, (ii) a Response to the Liquidator's Motion for protective order filed in response to the Receiver's Subpoena, and (iii) the Receiver's Motion to compel production pursuant to that Subpoena and for authority to issue subpoenas and take discovery to the extent the Receivership Order does not already authorize the Receiver to do so.

13.     On May 23, 2017, this Court entered an Order denying the Receiver's Motion to employ Damian & Valori, LLP as counsel but permitting the Receiver to re-file a motion that proposes at least four other legal counsel.

14.     Accordingly, the Receiver files this Motion seeking authorization to employ one (or more) of the following law firms to provide her with legal advice and assistance in this matter: (1) Damian & Valori, LLP; (2) Dimond Kaplan & Rothstein; (3) Levine Kellogg, Lehman Schneider + Grossman, LLP; (4) Kozyak Tropin & Throckmorton; and (5) Meland Russin & Budwick, PA.

15.     Each of the foregoing law firms has extensive experience in receivership matters and is qualified to serve as counsel to a federal equity receiver.  Further, each has confirmed that it does not have a conflict in serving as the Receiver's counsel in this matter.

16.     The Receiver proposes Damian & Valori, LLP to serve as her legal counsel because several attorneys and paralegals at the firm have substantial experience handling all aspects of receivership and bankruptcy matters, including cross-border bankruptcy cases involving foreign debtors filing proceedings in U.S. Bankruptcy Court (much like Onix Capital, S.A.'s Chapter 15 case), and speak Spanish fluently (which is critical to effectively communicating with most of the investors and creditors.  Damian & Valori, LLP has agreed to cap the hourly rate of its attorneys (including lead counsel Mr. Murena and all other attorneys

and other professionals at the firm at $275).  Copies of the resumes of Mr. Murena and other attorneys of the Firm are attached hereto as **Exhibit A**.

17.     The Receiver proposes as alternative counsel the law firm Dimond Kaplan & Rothstein with partner Scott Dimond, Esq. assuming primary responsibility at the firm.  Mr. Dimond has served as receiver and receiver's counsel in several receivership matters and has extensive experience in complex securities and financial fraud litigation matters.  Dimond Kaplan & Rothstein has agreed to cap its hourly rate for all attorneys and other professionals at $275.  A copy of Mr. Dimond's resume is attached hereto as **Exhibit B**.

18.     In the alternative, the Receiver proposes to employ as her legal counsel Levine Kellogg, Lehman Schneider + Grossman, LLP ("Levine Kellogg") with partner Jeffrey Schneider, Esq. having primary responsibility at the firm.  Like Mr. Murena, Mr. Schneider has spent most of his career representing federal equity receivers (including the Receiver in the Jay Peak receivership pending in the Southern District of Florida).  In addition, he has been appointed as a federal equity receiver in a number of enforcement actions brought by the Commission.  Mr. Schneider is also an experienced fraud and commercial litigator.  Further, other attorneys at Levine Kellogg have extensive bankruptcy experience, including representing bankruptcy trustees, creditors, debtors and other interests.  Levine Kellogg also has agreed to cap the hourly rate for Mr. Schneider and all other attorneys and professionals at the firm at $275.  A copy of Jeffrey Schneider's resume is attached hereto as **Exhibit C**.

19.     Further, the Receiver proposes to employ as her legal counsel Kozyak Tropin & Throckmorton ("Kozyak") with partner Corali Lopez-Castro, Esq. assuming primary responsibility at the firm.  Ms. Lopez-Castro has been appointed receiver and represented receivers in several state court cases.  She also has extensive experience representing debtors and

creditors in bankruptcy cases and representing plaintiffs and defendants in commercial litigation matters. Further, Ms. Lopez-Castro is fluent in Spanish. Kozyak has also agreed to cap its hourly rate for all attorneys and other professionals at $275. A copy of Ms. Lopez-Castro's resume is attached hereto as **Exhibit D**.

20. Finally, the Receiver proposes to employ as alternative counsel Meland Russin & Budwick, PA with partner Peter Russin, Esq. assuming primary responsibility at the firm. Mr. Russin has considerable receivership and bankruptcy experience, having represented numerous receivers, bankruptcy trustees, debtors, creditors, and other interests in a variety of matters over the years. In addition, Mr. Russin has represented various parties and interests in a broad range of financial fraud and commercial litigation matters. Meland Russin & Budwick, PA has agreed to cap its hourly rate for all attorneys and other professionals at $300. A copy of Mr. Russin's resume is attached hereto as **Exhibit E**.

21. Regardless of which law firm the Court authorizes the Receiver to employ as counsel, the Receiver respectfully requests that the Court authorize the Receiver to utilize certain attorneys, paralegals and other professionals and paraprofessionals at her law firm (*nunc pro tunc* to March 28, 2017) to assist with matters in which it has already performed services and various continuing administrative matters in this Receivership case. Such administrative matters include, without limitation, investor and creditor communications, the maintenance of the receivership website, the preparation of status reports, the marshaling and recovery of assets not involving litigation, and the liquidation or other disposition of Estate assets upon Court approval. The Receiver believes that she can more efficiently and effectively fulfill these duties with the assistance, and under the immediate supervision, of certain professionals and paraprofessionals within her firm who have particular skills and efficiencies with respect to the foregoing tasks.

22.     The Receiver proposes to pay her Court-approved counsel fees based on the time expended by the attorneys, paralegals and other paraprofessionals of the firm after the Receiver has approved the firm's invoices, the Commission has reviewed them, and the Court has granted the firm's fee applications.   The hourly rate of all attorneys and other professionals and paraprofessionals that the Court may authorize the Receiver to employ shall be capped as agreed to by each counsel herein and approved by the Court.

23.     Each of the proposed law firms has advised the Receiver that, to conserve Estate resources, whenever possible it will utilize junior attorneys, paralegals and paraprofessionals under the supervision of the responsible partner at the firm.

24.     The Receiver will ensure that there is no duplication of efforts between and among the attorneys, paralegals and paraprofessionals of the Court-approved firm and will reserve the right to approve all invoices of that firm before it files its fee applications.

### CERTIFICATION OF CONFERENCE WITH COUNSEL

Counsel for the Commission has informed undersigned counsel that he has no objection to the relief requested herein.

WHEREFORE, the Receiver respectfully requests that this Court (i) enter the proposed Order attached hereto as **Exhibit F**, (a) authorizing the Receiver to employ legal counsel, and (b) to the extent Damian & Valori, LLP is not the approved counsel, authorizing the Receiver to utilize attorneys, paralegals and other professionals and paraprofessionals at Damian & Valori, LLP to assist the Receiver to perform the various administrative matters set forth above, *nunc pro tunc* to March 28, 2017, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: May 24, 2017.

Respectfully submitted,

MELANIE E. DAMIAN, RECEIVER
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone:  305-371-3960
Facsimile:  305-371-3965


/s/ Melanie E. Damian
Melanie E. Damian, Receiver
Florida Bar No. 99392
Primary Email: mdamian@dvllp.com
Secondary Emails: jserna@dvllp.com;
lfd@dvllp.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via

CM/ECF upon all counsel of record this 24th day of May, 2017.

/s/ Melanie E. Damian
Melanie E. Damian, Receiver