UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24678-COOKE/TORRES

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ONIX CAPITAL LLC, *et al*.,

    Defendants.

_____/

**RECEIVER'S FIRST INTERIM REPORT AND MOTION AUTHORIZING THE
PAYMENT OF FEES AND EXPENSES OF RECEIVER
AND HER PROFESSIONALS**

Melanie E. Damian, Court-appointed Receiver in the above-styled case (the "Receiver"), files this First Interim Report and Motion Authorizing Payment of Fees and costs incurred from March 28, 2017 through September 30, 2017 (the "Application Period").[1]

**Background**

On November 8, 2016, the Securities and Exchange Commission (the "Commission") initiated this action against Onix Capital LLC, Alberto Chang-Rajii ("Chang"), and the Relief Defendants.[2] [D.E. 1]. The Commission alleged that Onix and Chang "violated the anti-fraud provisions of the federal securities laws by fraudulently raising approximately $7.4 million from

---

[1] The Receiver seeks (1) authorization to immediately pay all fees and costs less a hold back of 20% (as to fees); and (2) authorization to pay the 20% hold back upon final distribution of Receivership assets to investors.

[2] The "Relief Defendants" are Deep Ocean LLC, Next Cab Ventures LLC, Next Call Ventures LLC, Next Chat Ventures LLC, Next Pay Ventures LLC, Next U Ventures LLC, Next Track Ventures LLC, and Progressive Power LLC.

investors based on material misrepresentations." [D.E. 41 at ¶1]. At the time the action was commenced, the Commission had identified more than $5.7 million in Onix promissory notes sold by Onix and Chang to 27 investors, and more than $1.7 million invested in membership interests in the Relief Defendants (special purpose vehicles used to invest in private equity transactions) which came from at least eight investors. [D.E. 41 at ¶¶2, 29, 36].[3]

The Commission requested the appointment of a Receiver to exercise full power and control over Onix and the Relief Defendants (the "Receivership Entities"), marshal and safeguard their assets, and "take whatever actions are necessary for the protection of investors." [D.E. 4].

On January 18, 2017, Carlos Antonio Parada Abate, as Liquidator of Onix Capital S.A. which was also affiliated with Chang ("Liquidator or Intervenor") moved to intervene and objected to the appointment of a Receiver. [D.E. 54, 55, 56 and 57]. The Liquidator's expressed intention was to "locate, seize, and repatriate" the assets of the Receivership Entities to the liquidation proceeding of Onix Capital, S.A. pending in Chile, by seeking the bankruptcy of Onix and the substantive consolidation of the Receivership Entities with Onix Capital, S.A. [D.E. 54, p. 8].

## The Receivership

On April 4, 2017, this Court appointed the Receiver to exercise full power and control over Onix and the Relief Defendants, including all of their assets within the United States [D.E. 84]. The Court has specifically tasked the Receiver to "[m]arshal and safeguard all such assets

---

[3] As previously reported, the Receiver's investigation thus far has revealed that there were significantly more investors and funds that flowed into and through Receivership entities.

and take whatever actions necessary for the protection of any investors of Onix and/or Relief Defendants." [D.E. 84, ¶2].

In entering the Receivership Order, the Court rejected the Liquidator's request to limit the Receiver's role to putting Onix and the Relief Defendants into bankruptcy. However, because the Liquidator continued to challenge that decision, the Receiver has spent much of the time since her appointment fending off collateral attacks by the Liquidator that sought to undermine the Receivership order by claiming superior rights in the Receivership assets while providing no evidence to support their claims, and by encouraging other parties to pursue bankruptcy filings against the Receivership Entities. [D.E. 81, 85, 89, 94, 107]. The Magistrate Judge entered a Report and Recommendation recommending denial of motions seeking to pursue bankruptcies filed by certain creditors ("Putative Petitioners") and by the joint liquidators of British Virgin Islands companies related to the Receivership Entities ("BVI Liquidators") on July 24, 2017. [D.E. 121]  On October 16, 2017, the Court adopted the Magistrate Judge's Report and Recommendation, over the objections of the Liquidator, the Putative Petitioners, and the BVI Liquidators. [D.E. 147]

The Receiver has sought permission to hire a forensic accountant to help identify assets and causes of action of the Receivership Entities, as well as to unwind and evaluate the various competing claims. [D.E. 113] The Liquidator objected [D.E. 114], and the routine receivership motion was delayed.  As a result, the Receiver was forced to expend substantial resources addressing objections by the Liquidator and certain creditors and has been hindered in fully investigating the Onix Fraud by analyzing (forensically) the tens of thousands of transaction that

3

make up the flow of funds in order to analyze potential resolutions and make recommendations to the Court.[4]

## The Receiver and Her Professionals' Work

Despite the Liquidator's interference, since being appointed, the Receiver, consistent with her duties under the Receivership Order, has undertaken an investigation of the assets of the Receivership Entities and their the investors, and sought to fulfill her duties in securing and liquidating the assets. The Receiver has:

(a) sought (and after motion practice) obtained certain documents and (some) information from the Liquidator;

(b) worked with the Commission to identify known assets and obtained and commenced review of approximately 160,000 pages of documents provided by the Commission and from third party financial institutions;

(c) communicated by letter to all known investors and creditors enclosing the Receivership Order and requesting information;

(d) met with and spoken to several investors in the Receivership Entities;

(e) created the website (http://www.onixcapitalreceivership.com/recvcourtdocs.htm) to keep investors informed of the status of the receivership with pertinent information related to the Receivership and the enforcement action, important dates and deadlines, and Court filings;

(f) taken steps to maintain control of the investments made by the Receivership Entities;

(g) investigated potential additional assets of the Receivership Entities;

(h) investigated potential actions against third parties;

---

[4] The Fee Application for both firms separately categorized the significant fees that were incurred solely as a result of the Liquidator's actions in this matter. *See* Exhibits B and C hereto.

(i) sought to obtain additional information from potential claimants by way of a Motion to Approve Claims Administration Process [D.E. 133];

(j) liquidated the Receivership's interest in Square, Inc. and Snapchat, Inc. and recovered funds from another Receivership entity for a total recovery thus far of $5,548,446.85; and

(k) continues to work with counsel to liquidate the remaining Receivership Assets.

## Status of the Receivership Accounting

The Receivership Estate currently has cash on hand in the amount of $5,548,446.85 which the Receiver is holding in the Receiver's trust accounts at Gibraltar Private Bank & Trust. The SEC's Standardized Fund Accounting Report (the "SFAR") for the Application Period is attached hereto as **Exhibit A.** At the Liquidator's request, the proceeds from the sale of the Square and Snap shares have been maintained in separate accounts of Next Pay Ventures LLC and Next Chat Ventures LLC, respectively.

## Other Unliquidated Assets

The Receiver has also secured and is in the process of valuing and determining the best method for liquidation of the following Receivership assets.

- Relief Defendant Next Cab Ventures LLC holds an approximately $2 million investment in membership interests in SherpaCapital Partners UB II, LLC (Uber)

- Relief Defendant Next U Ventures holds approximately 105,000 common shares and 301,825 Preferred Shares in Open English Holdings Inc. (over $2 million transferred)

- Relief Defendant Next Call Ventures, LLC holds an approximately $1 million investment in Dialpad

- Relief Defendant Deep Ocean, LLC holds a controlling interest in Okeanos Technologies (more than $1 million invested)

- Relief Defendant Progressive Power LLC has a $675,000 investment in FlashCharge Batteries, LLC.

- Relief Defendant Next Track Ventures LLC owns an interest in Railroad Project, Inc. (at least $150,000 transferred).

- Potential claims by the Receivership Entities to transferees or other third parties.

**Request for Fees and Costs**

The Order appointing the Receiver provides at Paragraph 9 that "Following a request seeking authorization from this Court, [Receiver may] employ legal counsel and appoint special agents, actuaries, accountants, clerks consultants, and or assistants as deemed necessary by the receiver to exercise the powers granted [in the Order]." At Paragraphs 10 and 11, the Order provides for reasonable compensation to be paid such professionals from the assets held by the Receivership Estate.

On June 6, 2017, this Court entered an Order authorizing the Receiver to employ Damian & Valori, LLP as counsel *nunc pro tunc* to March 28, 2017 and through the date of the Order[5], and thereafter, Kozyak Tropin & Throckmorton, LLP. [D.E. 100]

By this Application, the Receiver is proposing that this Court approve all of the fees and costs incurred by the Receiver and her Counsel during the Application Period, and authorize the distribution for payment of 100% of such costs and 80% of such fees (with a holdback of 20% of the fees). This is the Receiver's first request for approval of compensation and reimbursement of costs incurred by the Receiver and her counsel.

The Receiver proposes that the awarded fees and costs be paid from the funds currently held in the Next Chat Ventures LLC and Next Pay Ventures LLC accounts on a 50/50 allocated basis.

---

[5] The Receiver's application includes attorney's fees for Damian & Valori, LLP from June 6 through June 22nd which fees are less than 30 hours and were necessary to smoothly transition the matter to Kozak Tropin & Throckmorton.

As reflected in the attached invoices, the total amount of fees and costs incurred by the Receiver and each of her professionals[6] during the Application Period (March 28, 2017 through September 30, 2017) is as follows:

a. The Receiver and Damian & Valori LLP: The total amount of fees and costs incurred was $118,798.40 (which total includes fees in the amount of $111,987.50 and costs in the amount of $6,810.90). *See* detailed time entries attached as **Exhibit B** hereto.

b. Kozyak Tropin & Throckmorton, LLP: The total amount of fees and costs incurred was $65,750.57 (which total includes fees in the amount of $64,875.00 and costs in the amount of $875.57). *See* **Exhibit C** hereto.

In the case of the Receiver, Damian & Valori LLP, and Kozyak Tropin & Throckmorton, LLP, the foregoing totals reflect time charged at reduced hourly rates in accordance with the agreement between the Receiver and the Commission. Specifically, for purposes of this representation, the foregoing firms reduced their partner attorney rates from $650-$400 per hour to $275 per hour, and their associate attorney rates from $175-$375 per hour to $150-$225 per hour.

---

[6] As required by the SEC's Billing Agreement, the Fee Schedule reflecting the names and hourly rates of all of the Receiver's professionals and paraprofessionals are fully set forth in each firm's respective invoices attached hereto as Exhibits B and C. Kozyak Tropin & Throckmorton, LLP has a core group of attorneys primarily responsible for most matters involved in this case, but in certain instances has brought in other attorneys – particularly associates at lower billable rates – to work on discrete tasks where appropriate (i.e., Tal J. Lifshitz worked on the motion to approve claims procedures, Mindy Kubs worked on responses to the motions to file bankruptcy cases, Evan Stroman performed document review).

The services rendered during the Application Period are reflected and described in the attached Exhibits, and the professionals have separated their time into specific Activity Categories as directed by the Commission's Receivership Billing Instructions.

**Memorandum of Law**

The Receiver and her professionals are entitled to reasonable compensation and expenses pursuant to the Receivership Order. A receiver appointed by a court who reasonably and diligently discharges her duties is entitled to be fairly compensated for services rendered and expenses incurred. *See SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008); *see also SEC v. Elliott*, 953 F.2d 1560 (11th Cir. 1992) ("[I]f a receiver reasonably and diligently discharges his duties, he is entitled to compensation.") A receiver and her lawyers are "also entitled to be reimbursed for the actual and necessary expenses they incurred in the performance of their duties." *Fed. Trade Comm'n v. Direct Benefits Grp.,* LLC, Case NO. 6:11-cv-1186-Orl-28TBS, 2013 WL 6408379, at *3 (M.D. Fla. Dec. 6, 2013).

Receivership courts have traditionally determined reasonableness of compensation by using the "lodestar" approach, calculating a reasonably hourly rate in the relevant market and the reasonable number of hours expended. *See, e.g., SEC v. Aquacell Batteries, Inc.*, Case No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, *3 (M.D. Fla. Jan. 31, 2008); *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The hourly rates billed by the Receiver and her professionals are reasonable for professionals practicing in the Southern District of Florida, particularly in light of the reduced hourly rates described above, and the services reflected in the attached exhibits were reasonably necessary to the Receiver's performance of her duties as set forth in the Receivership Order.

**CERTIFICATION OF CONFERENCE**

*The Receiver has discussed the relief requested herein with the Commission and is authorized to represent to this Court that, after reviewing the time records and other materials submitted herewith, the Commission does not oppose the relief sought in this Application.*

WHEREFORE, Melanie E. Damian, as Receiver, respectfully requests that the Court enter an Order:[7]

(a) approving the total amount of fees and costs for the Application Period of: the Receiver and her counsel Damian & Valori LLP in the amount of $111,987.50 in fees and $6,810.90 in costs; and Kozyak, Tropin & Throckmorton LLP in the amount of $64,875.00 in fees and $875.57 in costs;

(b) authorizing payment of 80% of the approved fees and 100% of the approved costs from the assets held by the Receivership Estate, as set forth herein; and

(c) authorizing payment of the remaining balance of the approved fees (*i.e.*, the 20% holdback) upon final distribution of Receivership assets to investors.

---

[7] A copy of a proposed order granting the Receiver's First Interim Application for Order Authorizing Payment of Fees and Expenses is attached hereto as **Exhibit D**.

Dated: November 6, 2017                    Respectfully submitted,

               **KOZYAK TROPIN & THROCKMORTON, LLP**

               *Counsel for the Receiver*
               2525 Ponce de Leon Boulevard, 9th Floor
               Miami, Florida 33134
               Tel: (305) 372-1800
               Fax: (305) 372-3508

             By: */s/ David L. Rosendorf*
               David L. Rosendorf
               FL Bar No. 996823
               Corali Lopez-Castro
               FL Bar No. 863830
               Chauncey D. Cole IV
               FL Bar No. 102184
               dlr@kttlaw.com
               clc@kttlaw.com
               cdc@kttlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on November 6, 2017 as filed with the Clerk of the Court using CM/ECF.

             By: /s/ *David L. Rosendorf*
               David L. Rosendorf

## CERTIFICATION

The undersigned certifies that:

(a) I have read this application ("Application");

   (b) to the best of my knowledge, information and belief formed after reasonable inquiry, the Application and all fees and expenses therein are true and accurate and comply with the Billing Instructions;

   (c) all fees contained in the Application are based on the rates listed in the Exhibits attached hereto and such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed;

   (d) I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission);

   (e) in seeking reimbursement for a service which I justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), I request reimbursement only for the amount billed to me by the third party vendor and paid by me to such vendor.  To the extent that such services were performed by me as Receiver, I certify that I am not making a profit as Receiver on such reimbursable service.

   (f) With the exception of the Billing Instructions, I have not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

Respectfully submitted and certified,

s/ Melanie E. Damian
Melanie Damian, P.A. Receiver


Respectfully submitted this 6th day of November 2017.