UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24678-COOKE/TORRES

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ONIX CAPITAL LLC, *et al.*,

    Defendants.
_____/

**NOTICE OF FILING PROPOSED ORDER GRANTING
RECEIVER'S FIRST MOTION TO AUTHORIZE THE PAYMENT
OF FEES AND EXPENSES OF RECEIVER AND HER PROFESSIONALS**

Melanie Damian, Esq., as Receiver ("Receiver") for Onix Capital, LLC ("Onix") and Relief Defendants Deep Ocean LLC, Next Cab Ventures LLC, Next Call Ventures LLC, Next Chat Ventures LLC, Next Pay Ventures LLC, Next U Ventures LLC, Next Track Ventures LLC, and Progressive Power LLC (collectively, the "Relief Defendants," and with Onix, the "Receivership Entities"), gives notice of the filing of the attached proposed order granting the Receiver's First Motion To Authorize the Payment of Fees and Expenses of Receiver and Her Professionals ("First Fee Application," D.E. 155) and is authorized to represent that Intervenor Carlos Parada Abate, Liquidator of Onix Capital, S.A. ("Intervenor") has no objection to the entry of an order granting the First Fee Application in the form attached hereto. Accordingly, the Receiver requests that the Court enter an order in the form attached hereto authorizing the Receiver to proceed with the payment of fees and costs incurred by the Receiver and her counsel from March 28, 2017 through September 30, 2017.

Dated: November 21, 2017    Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
*Counsel for the Receiver*
2525 Ponce de Leon Boulevard, 9th Floor
Miami, Florida 33134
Tel:   (305) 372-1800
Fax:   (305) 372-3508

By:    */s/ Daniel S. Maland, Esq.*
       Daniel S. Maland
       FL Bar No. 114932
       David L. Rosendorf
       FL Bar No. 996823
       Corali Lopez-Castro
       FL Bar No. 863830
       dmaland@kttlaw.com
       dlr@kttlaw.com
       clc@kttlaw.com

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on November 21, 2017 as filed with the Clerk of the Court using CM/ECF.

By:    /s/ *Daniel S. Maland*
       Daniel S. Maland

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-Civ-24678-COOKE/TORRES

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ONIX CAPITAL LLC, *et al*.,

    Defendants.

_____/

## ORDER GRANTING RECEIVER'S FIRST MOTION TO AUTHORIZE THE PAYMENT OF FEES AND EXPENSES OF RECEIVER AND HER PROFESSIONALS

THIS CAUSE is before me on the *Receiver's First Interim Report and Motion Authorizing the Payment of Fees and Expenses of Receiver and her Professionals* ("First Fee Application," D.E. 155). By the First Fee Application, the Receiver seeks payment of fees and costs incurred by the Receiver and her counsel from March 28, 2017 through September 30, 2017 (the "First Application Period").

The Court has considered the First Fee Application and the attachments thereto, and finds and concludes that the requested fees and costs represent actual and necessary expenses incurred in the performance of the Receiver's duties, for which the Receiver and her professionals are entitled to compensation pursuant to the Order Appointing Receiver (D.E. 84, 148). Accordingly, the Court determines that the First Fee Application should be granted.

It is hereby **ORDERED AND ADJUDGED** as follows:

1.    The fees and costs of Damian & Valori LLP for the First Application Period in the amount of $111,987.50 in fees and $6,810.90 in costs are APPROVED.

2. The fees and costs of Kozyak, Tropin & Throckmorton LLP for the First Application Period in the amount of $64,875.00 in fees and $875.57 in costs are APPROVED.

3. The Receiver is authorized to pay 80% of the approved fees ($89,590.00 as to Damian & Valori LLP, and $51,900.00 as to Kozyak Tropin & Throckmorton LLP) and 100% of the approved costs from the assets held by the Receivership Estate.

4. The Receiver may request payment of the remaining balance of the approved fees (*i.e.*, the 20% holdback) upon final distribution of Receivership assets to investors.

5. The only funds currently possessed by any of the Receivership Entities are from the court-approved sales of assets of Next Chat Venture LLC and Next Pay Ventures LLC. Accordingly, even though some of the work performed by the Receiver and her professionals concerned Receivership Entities other than Next Chat Ventures LLC and Next Pay Ventures LLC, the Court authorizes the fees and costs approved in this Order to be paid 50% from the funds currently held in Next Chat Ventures LLC, and 50% from the funds currently held in Next Pay Ventures LLC ("Temporary Allocation").

6. The Temporary Allocation approved in this Order is not intended by this Court and should not be construed as approval of, or support for, consolidation of any receivership estate of any Receivership Entity with the receivership estate of any other Receivership Entity, including without limitation those of Next Chat Ventures LLC and Next Pay Ventures LLC.

7. If and when Receiver obtains funds in connection with a Receivership Entity other than Next Chat Ventures and Next Pay Ventures, LLC, the Receiver shall consider re-allocating the Temporary Allocation, based on the amount of the recovery and the source of the funds, and notify the Court of such re-allocation with the filing of a notice.

8.      The Receiver and her professionals shall continue to provide descriptions for their services and expenditures that indicate for which Receivership Entity or Entities the work was performed or cost incurred.

**DONE AND ORDERED** in Chambers in Miami, Florida, this _____ day of November, 2017.

 

_____
MARCIA G. COOKE
United States District Judge

Copies provided to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*