IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-24678-COOKE/TORRES

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ONIX CAPITAL LLC, *et al.*

    Defendants.

_____/

**RECEIVER'S MOTION TO MODIFY TERMS OF EMPLOYMENT OF
RECEIVER'S COUNSEL, NUNC PRO TUNC TO APRIL 1, 2018**

Melanie E. Damian, Esq., as Receiver (the "Receiver") for Defendant Onix Capital, LLC ("Onix") and Relief Defendants Deep Ocean LLC, Next Cab Ventures LLC, Next Call Ventures LLC, Next Chat Ventures LLC, Next Pay Ventures LLC, Next U Ventures LLC, Next Track Ventures LLC, and Progressive Power LLC (collectively, the "Relief Defendants," and with Onix, the "Receivership Entities"), moves to modify the terms of employment of Receiver's counsel, Corali Lopez-Castro, Esq. and the law firm of Kozyak Tropin & Throckmorton, LLP to provide for a contingent fee arrangement, *nunc pro tunc* to April 1, 2018, with respect to "clawback claims" pursued on behalf of the Receivership Entities. In support, the Receiver states:

**BACKGROUND**

1.    On April 4, 2017, the Court signed and entered its Receivership Order (ECF#84) appointing the Receiver as receiver of the Receivership Entities. The Receivership Order empowers and directs the Receiver to "[t]ake immediate control and possession of all assets

located within the United States belonging to or in possession of Defendant or Relief Defendants … and to administer such assets as is required in order to comply with the directions contained in this Order." (ECF#84, ¶ 3).

2. The Receivership Order further empowers and directs the Receiver to, "[f]ollowing a request seeking authorization from this Court, employ legal counsel … as deemed necessary by the receiver to exercise the powers granted herein." (ECF#84, ¶ 9). The Receivership Order further authorizes the Receiver to "[p]ay reasonable compensation and expenses to the persons listed in Paragraph 9 …" (ECF#84, ¶ 10).

3. Consistent with those powers and responsibilities, the Receiver moved to approve the employment of counsel, and the Court on June 6, 2017 entered an order authorizing the Receiver to employ Corali Lopez Castro, Esq. and the law firm of Kozyak Tropin & Throckmorton, LLP ("KT&T") as her counsel. (ECF#96, 100). KT&T agreed to be engaged by the Receiver at a substantially reduced capped hourly rate of $275.

4. Among the responsibilities of the Receiver is to evaluate and pursue for the benefit of the Receivership Entities and their creditors, if appropriate, actions to recover transfers of funds made by the Receivership Entities which may be avoidable and recoverable for the benefit of the Receivership Entities.

5. In an investment fraud such as here where returns to investors were paid from moneys received from other investors, rather than from the revenues of the underlying business enterprise, these include actions to recover fictitious "profits" received by "net winners" in excess of amounts they invested with the Receivership Entities, and other payments that were made to parties who facilitated the investment fraud ("Clawback Claims"). Such transfers did not

provide value to the Receivership Entities, and the recovery of such funds is for the benefit of all investors in and claimants against the Receivership Entities.

6. Consistent therewith, KT&T has evaluated and identified several such claims which should be pursued on behalf of the Receiver. Seven such actions have been filed,[1] and tolling agreements have been negotiated with several additional potential targets of such actions to provide an opportunity to negotiate a potential resolution without litigation.

7. Prior to the filing of these actions, the Receiver, with the support of the Securities and Exchange Commission ("SEC"), requested, and KT&T agreed, that to minimize the potential expense to the Receivership Entities of the pursuit of such claims, KT&T would prosecute these Clawback Claims on a contingent fee basis. The Receiver requested, and KT&T has agreed, to be compensated, as of April 1, 2018 forward, for any gross recovery that is realized, generated, received, obtained or accrued to or for the benefit of the Receivership Entities from the pursuit of the Clawback Claims ("Recovery"), with a fee equal to 30% of the Recovery on such Clawback Claims.

8. In connection with the Clawback Claims, KT&T may in its discretion advance payment of litigation related costs pertaining to the prosecution of such claims, and/or expert witness and consulting fees and costs, with the Receiver responsible for reimbursing KT&T for such costs upon application to the Court.

9. The Receiver proposes that any request by KT&T for payment of compensation in connection with any Clawback Claims be included in each respective motion to approve any

---

[1] *Damian v. Guiddeon, Ltd.*, Case No. 18-cv-21241-COOKE; *Damian v. Tupa Consulting*, Case No. 18-cv-21253-WILLIAMS; *Damian v. Kauffman*, Case No. 18-cv-21243-COOKE; *Damian v. Flasch*, Case No. 18-cv-21248-MARTINEZ; *Damian v. Sanchez*, Case No. 18-cv-21246-COOKE; *Damian v. Alberta, Ltd.*, Case No. 18-cvc-21245-MARTINEZ; and *Damian v. Canda Corp.*, Case No. 18-cv-21249-UNGARO.

settlement of such claims, with such request set forth clearly in the title of such motion; and/or by motion for payment of contingent fees in the event a Recovery is obtained by means other than a settlement subject to approval by this Court.

10. The Receiver submits that the proposed modification of the terms of Receiver's counsel's employment is in the best interests of the Receivership Entities and their investors and creditors, and will minimize the potential expense to the Receivership Entities while incentivizing efficient recoveries on account of the Clawback Claims.

## **RELIEF REQUESTED**

11. Consistent with the foregoing, the Receiver requests that the Court modify the terms of employment of Receiver's counsel, Corali Lopez Castro, Esq. and KT&T as follows:

  a. Effective as of April 1, 2018, KT&T shall be compensated for all time expended in connection with the prosecution of Clawback Claims with a fee equal to 30% of the gross Recovery on such claims (as defined above).

  b. In connection with the Clawback Claims, KT&T may in its discretion advance payment of litigation related costs pertaining to the prosecution of such claims, and/or expert witness and consulting fees and costs, with the Receiver responsible for reimbursing KT&T for such costs upon application to the Court.

  c. KT&T may include a request for payment of such compensation in any motion to approve settlement of a Clawback Claim, which shall be clearly indicated in the title of any such motion, and/or by motion, and/or by motion for payment of contingent fees in the event a Recovery is obtained by means other than a settlement subject to approval by this Court.

  d. KT&T shall include a separate category in its billing records for all time expended in connection with the prosecution of Clawback Claims.

Dated: May 17, 2018          Respectfully submitted,

              **KOZYAK TROPIN & THROCKMORTON, LLP**
              *Counsel for the Receiver*
              2525 Ponce de Leon Boulevard, 9th Floor
              Miami, Florida 33134
              Tel: (305) 372-1800
              Fax: (305) 372-3508

              By: */s/Corali Lopez-Castro*
                 Corali Lopez-Castro
                 FL Bar No. 863830
                 David L. Rosendorf
                 FL Bar No. 996823
                 Daniel S. Maland
                 FL Bar No. 0114932
                 clc@kttlaw.com
                 dlr@kttlaw.com
                 dmaland@kttlaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on May 17, 2018 as filed with the Clerk of the Court using CM/ECF.

              By: /s/ *Corali Lopez-Castro*
                 Corali Lopez-Castro