UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24678-COOKE/TORRES

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ONIX CAPITAL LLC, *et al.*,

    Defendants.
_____/

**RECEIVER'S SECOND INTERIM REPORT AND MOTION AUTHORIZING THE PAYMENT OF FEES AND EXPENSES OF RECEIVER AND HER PROFESSIONALS**

Melanie E. Damian, Court-appointed Receiver in the above-styled case (the "Receiver"), files this Second Interim Report and Motion Authorizing Payment of Fees and costs incurred from October 1, 2017 through April 30, 2018 (the "Application Period").[1]

**Introduction**

On April 4, 2017, this Court entered an order (the "Receivership Order") appointing the Receiver to exercise full power and control over Onix Capital LLC ("Onix") and the Relief Defendants.[2] In accordance with the Receivership Order, the Receiver filed her First Interim Report and Motion Authorizing the Payment of Fees and Expenses of Receiver and Her

---

[1] The Receiver seeks (1) authorization to immediately pay all fees and costs less a hold back of 20% (as to fees); and (2) authorization to pay the 20% hold back upon final distribution of Receivership assets to investors.

[2] The "Relief Defendants" are Deep Ocean LLC, Next Cab Ventures LLC, Next Call Ventures LLC, Next Chat Ventures LLC, Next Pay Ventures LLC, Next U Ventures LLC, Next Track Ventures LLC, and Progressive Power LLC.

Professionals on November 6, 2017 [D.E. 155].  The Receiver continues to perform the duties required to investigate the assets of the Receivership Entities and their investors, and to secure and liquidate the assets for ultimate distribution to creditors.  In addition, the Receiver's forensic accountants continue to help identify assets and causes of action of the Receivership Entities, and evaluate various competing claims.  Since the filing of her First Interim Report, the Receiver has:

(a) Obtained approval of a claims administration process and proof of claim form;

(b) Provided notice of the claims bar date and a proof of claim form to investors identified through investigation;

(c) Received and analyzed over 70 filed proofs of claim.  The deadline for investors to file proofs of claim has passed, and the Receiver and her professionals have analyzed the claims and issued her initial analysis on each claim in compliance with the Court's Order Granting Receiver's Motion to Approve Claims Administration Process [D.E. 179];

(d) Analyzed potential claims against parties that profited from the Ponzi scheme including investors and advisors and filed seven actions to recover such funds for the benefit of the Receivership Entities' creditors.  The Receiver believes additional litigation may be warranted, and she has negotiated tolling agreements with a number of parties located both in the United States and abroad to afford an opportunity to further investigate and potentially resolve such claims;

(e) Continued to investigate all parties involved in the fraud within the United States, reviewed volumes of documents produced by banks, professional organizations, investors and other entities connected to the fraud, and worked with third parties to obtain subpoenaed documents and records that shed further light on investments made by Onix and the Relief Defendants;

(f) Identified additional parties to whom subpoenas will be issued in connection with potential litigation targets for the purposes of recovering funds for the Receivership Estate;

(g) Conducted multiple interviews of investors, interested parties, and former employees of the Receivership Estate for purposes of untangling the fraud and identifying assets for the Receivership Estate;

(h) Produced documents to the Liquidator in a manner that protected victims of the Ponzi scheme, and in a format that was compatible with the Liquidator's requirements;

(i) Researched and evaluated various strategies and opportunities for liquidating non-public assets, negotiated and entered into nondisclosure agreements to facilitate the sale of non-public assets, and identified potentials buyers for these assets and have solicited bids for same;

(j) Negotiated the liquidation of select non-public assets, and drafted motions and received Court approval to liquidate same;

(k) Vetted and retained Corporate Advisory Counsel, with permission of this Court, to ensure that all non-public asset sales are in full compliance with applicable legal and other requirements.

(l) Maintained active contact with parties interested in the receivership estate ensure that all investors and interested parties questions are answered and issues address,

(m) Frequently updated the Receivership website to ensure that the public is well appraised of all events occurring in this Receivership process.

## Status of the Receivership Accounting

The Receivership Estate currently has cash on hand in the amount of $5,397,705.45 which the Receiver is holding in the Receiver's trust accounts at IberiaBank. The SEC's Standardized Fund Accounting Report (the "SFAR") for the Application Period is attached

hereto as **Exhibit A.** At the Liquidator's request, the proceeds from the sale of the Square and Snap shares have been maintained in separate accounts of Next Pay Ventures LLC and Next Chat Ventures LLC, respectively. In addition, and also pursuant to the Liquidator's request, the pending proceeds from the liquidation of the Next Track Ventures LLC assets will be placed into their own separate account once received.

### Other Unliquidated Assets

With permission of the Court, the Receiver is working with its Corporate Advisory Counsel to liquidate the following non-public Receivership assets.

- Relief Defendant Next Cab Ventures LLC $2 million investment in SherpaCapital Partners UB II, LLC (Uber);

- Relief Defendant Next U Ventures over $2 million investment in Open English Holdings Inc.; and

- Relief Defendant Next Call Ventures, LLC $1 million investment in Dialpad, Inc.

All of these assets are presently maintained as non-public shares. The Receiver has found several investors who are interested in purchasing these assets and is currently working with its Corporate Advisory Counsel to solicit formal bids and structure a transaction for these assets that fully complies with all applicable laws and other requirements.

The Receiver is also working directly with the following entities to liquidate the Receiver's holdings in Lab4U, a company in which Onix invested $250,000 in this entity, and LeapFactor, Inc. in which Onix invested $225,000.

### Request for Fees and Costs

The Order appointing the Receiver provides at Paragraph 9 that "Following a request seeking authorization from this Court, [Receiver may] employ legal counsel and appoint special agents, actuaries, accountants, clerks consultants, and or assistants as deemed necessary by the

receiver to exercise the powers granted [in the Order]." At Paragraphs 10 and 11, the Order provides for reasonable compensation to be paid such professionals from the assets held by the Receivership Estate.

On December 6, 2017, this Court entered an Order Granting First Motion to Authorize the Payment of Fees and Expenses of Receiver [D.E. 169], pursuant to which the Court awarded Damian and Valori LLP $111,987.50 in fees and $6,801.90 in costs. Kozyak Tropin and Throckmorton LLP was awarded $64,875.00 in fees and $875.57 in costs. The Receiver was authorized to pay 80% of the approved fees and 100% of the approved costs from assets held by the Receivership Estate.

On October 23, 2017, this Court entered an Order Granting Receiver's Motion for Authorization To Employ Accountants For Receiver [D.E. 153] authorizing the Receiver to employ Soneet R. Kapila, of the accounting firm of KapilaMukamal, LLP, as an accountant to assist the Receiver to fulfill her duties under the Receivership Order.

As with her first Application, the Receiver is proposing that this Court approve all of the fees and costs incurred by the Receiver and her Counsel during the Application Period, and authorize the distribution for payment of 100% of such costs and 80% of such fees (with a holdback of 20% of the fees). The Receiver is further asking that this Court approve the fees incurred by the Receiver's accountants in this matter. This is the Receiver's second request for approval of compensation and reimbursement of costs incurred by the Receiver and her counsel and covers a seven-month period.

The Receiver proposes that the awarded fees and costs be paid from the funds currently held in the Next Chat Ventures LLC and Next Pay Ventures LLC accounts on a 50/50 allocated basis.

The attached invoices reflect the total amount of fees and costs incurred by the Receiver and each of her professionals[3] during the Application Period (October 1, 2017 through April 30, 2018) is as follows:

a. The Receiver and Damian & Valori LLP: The total amount of fees and costs incurred was $14,497.30 (which total includes fees in the amount of $14,135.00 and costs in the amount of $362.30).  *See* detailed time entries attached as **Exhibit B** hereto.

b. Kozyak Tropin & Throckmorton, LLP: The total amount of fees incurred was $241,365.52 (which total includes fees in the amount of $227,042.50 and costs in the amount of $14,323.02).  *See* **Exhibit C** hereto.

c. KapilaMukamal, LLP:  The total amount of fees incurred were $97,665.26 (which total includes fees in the amount of $96,855.00 and costs in the amount of $810.26).  *See* **Exhibit D** hereto.

In the case of the Receiver, Damian & Valori LLP, and Kozyak Tropin & Throckmorton, LLP, the foregoing totals reflect time charged at reduced hourly rates in accordance with the agreement between the Receiver and the Commission. Specifically, for purposes of this representation, the foregoing firms reduced their partner attorney rates from $650-$400 per hour to $275 per hour, and their associate attorney rates from $175-$375 per hour to $150-$225 per hour.

---

[3] As required by the SEC's Billing Agreement, the Fee Schedule reflecting the names and hourly rates of all of the Receiver's professionals and paraprofessionals are fully set forth in each firm's respective invoices attached hereto as Exhibits B and C. Kozyak Tropin & Throckmorton, LLP has a core group of attorneys primarily responsible for most matters involved in this case, but in certain instances has brought in other attorneys – particularly associates at lower billable rates – to work on discrete tasks where appropriate (i.e., Tal J. Lifshitz and Mindy Kubs assisted with the preparation and filing of multiple fraudulent transfer actions and ongoing document review).

The services rendered during the Application Period are reflected and described in the attached Exhibits, and the professionals have separated their time into specific Activity Categories as directed by the Commission's Receivership Billing Instructions.

**Memorandum of Law**

The Receiver and her professionals are entitled to reasonable compensation and expenses pursuant to the Receivership Order. A receiver appointed by a court who reasonably and diligently discharges her duties is entitled to be fairly compensated for services rendered and expenses incurred. *See SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008); *see also SEC v. Elliott*, 953 F.2d 1560 (11th Cir. 1992) ("[I]f a receiver reasonably and diligently discharges his duties, he is entitled to compensation.") A receiver and her lawyers are "also entitled to be reimbursed for the actual and necessary expenses they incurred in the performance of their duties." *Fed. Trade Comm'n v. Direct Benefits Grp.,* LLC, Case NO. 6:11-cv-1186-Orl-28TBS, 2013 WL 6408379, at *3 (M.D. Fla. Dec. 6, 2013).

Receivership courts have traditionally determined reasonableness of compensation by using the "lodestar" approach, calculating a reasonably hourly rate in the relevant market and the reasonable number of hours expended. *See, e.g., SEC v. Aquacell Batteries, Inc.*, Case No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, *3 (M.D. Fla. Jan. 31, 2008); *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The hourly rates billed by the Receiver and her professionals are reasonable for professionals practicing in the Southern District of Florida, particularly in light of the reduced hourly rates described above, and the services reflected in the attached exhibits were reasonably necessary to the Receiver's performance of her duties as set forth in the Receivership Order.

7

## CERTIFICATION OF CONFERENCE

*The Receiver has discussed the relief requested herein with the Commission and is authorized to represent to this Court that, after reviewing the time records and other materials submitted herewith, the Commission does not oppose the relief sought in this Application.*

WHEREFORE, Melanie E. Damian, as Receiver, respectfully requests that the Court enter an Order:[4]

(a) approving the total amount of fees and costs for the Application Period of: the Receiver and her counsel Damian & Valori LLP in the amount of $14,135.00 in fees and $362.30 in costs; Kozyak, Tropin & Throckmorton LLP in the amount of $227,042.50 in fees and $14,323.02 in costs; and KapilaMukamal, LLP in the amount of $96,855.00 in fees and $810.26 in costs.

(b) authorizing payment of 80% of the approved fees and 100% of the approved costs from the assets held by the Receivership Estate, as set forth herein; and

(c) authorizing payment of the remaining balance of the approved fees (*i.e.*, the 20% holdback) upon final distribution of Receivership assets to investors.

---

[4] A copy of a proposed order granting the Receiver's First Interim Application for Order Authorizing Payment of Fees and Expenses is attached hereto as **Exhibit E**.

Dated: July 5, 2018                                  Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
*Counsel for the Receiver*
2525 Ponce de Leon Boulevard, 9th Floor
Miami, Florida 33134
Tel:    (305) 372-1800
Fax:   (305) 372-3508

By:     */s/ David L. Rosendorf*
          David L. Rosendorf
          FL Bar No. 996823
          Corali Lopez-Castro
          FL Bar No. 863830
          Daniel S. Maland
          FL Bar No. 10114932
          dlr@kttlaw.com
          clc@kttlaw.com
          dmaland@kttlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on July 5, 2018 as filed with the Clerk of the Court using CM/ECF.

By:    /s/ *David L. Rosendorf*
         David L. Rosendorf

113002904

9

## **CERTIFICATION**

The undersigned certifies that:

(a) I have read this application ("Application");

(b) to the best of my knowledge, information and belief formed after reasonable inquiry, the Application and all fees and expenses therein are true and accurate and comply with the Billing Instructions;

(c) all fees contained in the Application are based on the rates listed in the Exhibits attached hereto and such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed;

(d) I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission);

(e) in seeking reimbursement for a service which I justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), I request reimbursement only for the amount billed to me by the third-party vendor and paid by me to such vendor. To the extent that such services were performed by me as Receiver, I certify that I am not making a profit as Receiver on such reimbursable service.

(f) With the exception of the Billing Instructions, I have not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

Respectfully submitted and certified,

s/ Melanie E. Damian
Melanie Damian, P.A. Receiver


Respectfully submitted this 21st day of June 2018.