UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-24678-COOKE/LOUIS

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

ONIX CAPITAL LLC, *et al.*,

    Defendants.

_____/

ORDER ON RECEIVER'S MOTION TO APPROVE STALKING HORSE
PURCHASE AGREEMENT AND BIDDING PROCEDURES

Melanie E. Damian, Esq., as Receiver has filed a Motion to Approve Stalking Horse Purchase Agreement and Bidding Procedures (the "Motion") asking this court to approve the Receiver's entry into an Asset Purchase Agreement for the sale of the Receivership Entities' shares of SherpaCapital Partners UB II, LLC ("Sherpa Assets") and all related rights free and clear of all liens, claims, interests and encumbrances, including beneficial interests, to BryanDB LLC ("Buyer"), for $1,507,998.00 (subject to adjustment under the terms of the Purchase Agreement), or to another higher bidder at auction in accordance with the proposed bidding procedures described in the Motion. *See* ECF No. 246. The Court has considered the Motion, the representations of the Receiver therein, the attached Asset Purchase Agreement between the Receiver and Buyer, the record in this case, and relevant authorities. The Court **GRANTS** *in part*[1] the motion and finds as follows:

---

[1] The Court **GRANTS** the Motion as it relates to the substance of the Purchase Agreement and Bidding Procedures and **DENIES** *as moot* Receiver's request for an expedited telephonic hearing.

1

1. Adequate notice of the Motion has been provided to all parties-in-interest and/or will be provided pursuant to the additional notice approved by this Order. This Court has jurisdiction over this matter and the property of the Receivership estate.[2]

2. The Court has specifically tasked the Receiver to "[m]arshal and safeguard all such assets and take whatever actions necessary for the protection of any investors of Onix and/or Relief Defendants." *See* Receivership Order at ¶ 2, ECF No. 84.

6. The Receiver has reasonably and appropriately determined that the best method to sell the Sherpa Assets is a competitive bidding process after the selection of a "stalking horse" bidder who is willing, able and committed to close on a sale at a specified purchase price that will establish the minimum value to be offered for the Sherpa Assets.

8. The Receiver's actions in soliciting proposals to serve as the "stalking horse" bidder as described in the Motion, were reasonable and appropriate.

9. Buyer has made an offer to purchase all of the Sherpa Assets as reflected in the Asset Purchase Agreement attached to the Motion as Exhibit A. *See* ECF No. 246-1. The Receiver's selection of Buyer as the highest and best initial proposal to serve as a "stalking horse" bidder was a reasonable exercise of the Receiver's business judgment in light of all facts and circumstances known to the Receiver.

10. The terms of the Purchase Agreement between the Receiver and Buyer are reasonable and appropriate and represent an appropriate means of maximizing the value of the Sherpa Assets, as defined further in the Purchase Agreement.

12. The sale of the Purchased Assets is not precluded by or contrary to any prior Order issued by the Court and no further consents by any Person (including any

---

[2] Capitalized terms used in this Order have the meanings ascribed to them in the Purchase Agreement unless otherwise indicated.

Governmental Authority or holder of any beneficial interest) are required to convey the Purchased Assets to Buyer (or another higher and better bidder) in accordance with the Purchase Agreement.

13. The Bidding Procedures incorporated into the Purchase Agreement, including the Termination Fee, are reasonably designed to maximize the value of the Receivership assets, which is the appropriate goal of any such procedure. The Bidding Procedures and the Termination Fee are appropriately crafted to encourage competitive bidding for the Purchased Assets, while compensating Buyer for costs it has incurred and will incur in connection with the Asset Purchase Agreement should the Buyer fail to be the winning bidder at auction.

14. The form and manner of the further notice (the "Notice") to be provided to interested parties, including insurers and beneficiaries of the policies, as attached to the Motion and as described in the Motion, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the sale and the Bidding Procedures and with ample opportunity to object to the sale, including to the free and clear nature of the sale. *See* ECF No. 246-2.

15. The entry of this order is in the best interests of the Receivership estate.

In light of the above, the Court **ORDERS and ADJUDGES** as follows:

A. The Purchase Agreement (and all of its terms and conditions and transactions contemplated thereby) is approved and the Receiver is authorized to enter into the Purchase Agreement and, subject to final approval of Buyer or another higher and better bidder as the successful purchaser at the Sale Hearing set by this Order, is authorized to take all steps necessary to consummate the transactions contemplated thereby.

B. The Bidding Procedures incorporated into the Purchase Agreement, and

attached hereto as Exhibit "A", are approved. The Termination Fee is hereby approved and payment of such amount, if it becomes due, shall be treated as an administrative expense of the Receivership estate.

    C.    The Notice attached to the Motion and as described in the Motion, is approved. The Notice will be published on Receiver's website and circulated to all Claimants within two days of this order.

    D.    The Bid Deadline will be 20 days from the date of this Order.

    E.    The Auction Date will be within five days of the Bid Deadline. The Receiver will incorporate the Auction Date into the Notice and Bidding Procedures.

    F.    The Sale Hearing to approve the sale of the Purchased Assets to Buyer or such higher and better bidder determined after Auction will occur on **February 13, 2019 at 2:00 p.m.** at the Wilkie D. Ferguson, Jr. United States District Court, 400 North Miami Avenue, Courtroom 11-2, Miami, Florida, 33128.

    G.    The Receiver is authorized and empowered to take all steps, expend such sums of money and do such other things as may be necessary to implement and effect the terms and requirements established by this order.

    H.    If the terms of the Motion and this Order conflict, this Order will control and the terms of this Order will govern the terms and conditions of the Bidding Procedures and the Purchase Agreement.

**DONE and ORDERED** in chambers at Miami, Florida, this 18th day of January 2019.

_____
MARCIA G. COOKE
United States District Judge

Copies provided to:
*Lauren F. Louis, U.S. Magistrate Judge*
*Chris M. McAliley, U.S. Magistrate Judge*
*Counsel of record*

# EXHIBIT "A"

# BIDDING PROCEDURES

Set forth below are the bidding procedures (the "<u>Bidding Procedures</u>") to be employed with respect to the Asset Purchase Agreement, dated as of November 7, 2018 (the "<u>Agreement</u>"), by and between Melanie Damian, as the receiver (in such capacity, "<u>Seller</u>") appointed by the United States District Court for the Southern District of Florida (the "<u>Court</u>") and BryanDB LLC ("<u>Buyer</u>"). Unless otherwise defined herein, all capitalized terms have the meanings ascribed to such terms in the Agreement.

The Buyer's proposal recognizes that in order to maximize the value of the assets to be sold, the sale of the Sherpa Assets must be subject to higher and better offers. It is common in such situations for the seller and a stalking horse bidder to request the approval of certain bid procedures that will both protect the stalking horse bidder for the investment of time, expense and effort made in formulating and pursuing an initial bid (which will itself encourage the participation of other bidders), and also encourage and promote serious yet competitive bidding on the assets that will yield the highest and best offer.

The bid procedures incorporated into the Purchase Agreement, and which the Receiver requests that this Court approve, are as summarized below, with such summary being qualified in all respects by the terms of the bidding procedures attached to the Asset Purchase Agreement (the "<u>Bidding Procedures</u>"):

## **Participation Requirements**

To participate in the bidding process a potential bidder must provide to the Receiver:

(1) an executed non-disclosure agreement that affirms they are an accredited investor and,

(2) an affidavit of non-affiliation with the Receivership Entities.

Within 2 business days after such materials have been provided to the Receiver, the Receiver shall advise the potential bidder if it is qualified as a bidder and shall provide such bidder with the same evaluation materials for the Sherpa Assets as were provided to the Buyer.

## **Bid Deadline**

Written copies of bids must be delivered to Seller's counsel at, Kozyak Tropin & Throckmorton, P.A., at 2525 Ponce de Leon Boulevard, 9th Floor, Coral Gables, FL 33134, Attention: Daniel S. Maland, Esq., fax: (305) 372-3508, Email: <u>dmaland@kttlaw.com</u> by no later than 5:00 p.m. (prevailing Eastern time) on _____ (the "<u>Bid Deadline</u>"). Seller shall immediately provide Buyer with a copy of any bids submitted by the Bid Deadline.

### Due Diligence

Qualified bidders may conduct due diligence until the Bid Deadline, which shall be set by Court order or notice from the Receiver.

Bidders must submit bids by the Bid Deadline. A bid must state that (i) the bidder offers to purchase the Purchased Assets upon the terms and conditions set forth in the Purchase Agreement; and (ii) the bidder's offer is irrevocable until the earlier of 48 hours after closing of the sale to the successful bidder, or 20 days after the Sale Hearing. The bid must be accompanied by a cash deposit of fifty thousand dollars ($50,000.00) and evidence of financial ability to consummate the transaction acceptable to the Receiver.

### Acceptance of Overbids

A bid shall qualify as an Overbid if (i) the bid is all cash and does not contain any form of contingent consideration; (ii) the bid will produce value to the Receiver at least $25,000.00 greater than that produced by the Purchase Agreement; (iii) the overbid agreement is in the form of the Purchase Agreement except with respect to the identity of the purchaser; (iv) the bid is accompanied by such other information as is reasonably requested by the Receiver.

### Auction

If qualified overbids have been received from at least one bidder, the Receiver will conduct an Auction. The Auction will take place not later than five (5) business days after the Bid Deadline, at the offices of Kozyak Tropin & Throckmorton, LLP or such other location as the Receiver designates. Only qualified bidders who have submitted an overbid and Buyer will be eligible to participate in the auction. Qualified bidders will be advised at least one business day prior to the Auction Date of the identity of the other qualified bidders and of the highest and best overbid received as determined by the Receiver (the "Initial Successful Bid").

At the Auction, each qualified bidder will be permitted to increase its bid, and all auction participants shall be entitled to be present for all bidding. Bidding shall proceed in increments of $10,000 greater than the Initial Successful Bid and shall be subject to all requirements of an Overbid.

The Auction shall continue until each auction participant has indicated its unwillingness to increase its bid further. Upon the conclusion of the Auction, the Receiver will identify the Overbid that, in her business judgment, is the highest and best Overbid (the "Successful Bid"). The Receiver will notify all auction participants of the identity of the successful bid and shall file a notice presenting the Successful Bid and the next highest bid (the "Back-Up Bid") to the Court for approval.

The Motion will request that the Court schedule a Sale Hearing, to occur no more than three (3) business days after the Auction, to approve the sale of the Assets to the Successful Bidder. If the Successful Bidder, as approved by the Court, fails to timely

consummate the sale because of a breach or failure to perform by the Successful Bidder, the Back-Up Bid, as approved by the Court, shall be deemed to be the Successful Bid and shall be authorized to effectuate the sale without further Court order. Any Overbid shall be deemed accepted by the Receiver only upon approval by the Court.

### Failure to Consummate Purchase

If a Successful Bidder fails to timely consummate the sale of the Assets, and such failure is the result of a breach by the Successful Bidder, the Successful Bidder's deposit shall be forfeited to Seller and Seller, except to the extent provided in the Purchase Agreement, reserves all rights to seek damages from such bidder.

### Objections

Any objections to the proposed sale shall be filed and served on Receiver's counsel at least fifteen (15) days prior to the Sale Hearing.

### Return of Good Faith Deposit

The deposits of the Successful Bidder and Back-Up Bidder shall be held in trust until the earlier of (A) the earlier of two business days after consummation of the sale, or 20 days after the Sale Hearing; or (B) the date on which the Agreement is terminated in accordance with its terms. All other deposits of unsuccessful bidders shall be returned within two business days of the entry of the Sale Order.