UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24678-COOKE/LOUIS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ONIX CAPITAL LLC, *et al.*,

    Defendants.

_____/

## RECEIVER'S MOTION TO APPROVE AND ENFORCE SETTLEMENT

Melanie E. Damian, Court-appointed Receiver in the above-styled case (the "Receiver"), files this Motion to Approve and Enforce Settlement (the "Motion") entered into by and between the Receiver and the Settling Third-Parties (together, the "Parties") through a confidential mediation and states as follows: [1]

### RELEVANT BACKGROUND

### *Appointment of the Receiver*

In November 2016, the SEC commenced an action against Onix Capital and the Relief Defendants as entities formed and operated for the purpose of furthering a securities fraud scheme perpetuated by Alberto Chang-Rajii ("Chang"), who fled to Malta in the spring of 2016.

On April 4, 2017, this Court entered an order (the "Receivership Order") appointing the Receiver to exercise full power and control over Onix Capital LLC ("Onix") and the Relief

---

[1] In the interest of preserving the confidentiality of the Settlement Agreement, the specific identity of the Settling Third-Party is not included herein but is included in documents to be submitted to the Court for *in camera* inspection.

Defendants, including all of their assets within the United States.[2] In the Receivership Order, the Court specifically tasks the Receiver to "[m]arshal and safeguard all such assets and take whatever actions necessary for the protection of any investors of Onix Capital and/or Relief Defendants," and to "[i]nvestigate the aforementioned assets, documents, and other items to ascertain the identity of any additional investors, debtholders, or other persons located within the United States and having any connection to these proceedings." [DE 84, ¶¶ 2, 7].

Pursuant to the Receivership Order, the Receiver has the power and duty to collect all assets of the Receivership Estate, and to prosecute causes of action to recover such assets.

### *The Settlement*

As a result of her review of the Receivership Entities' books and records, the Receiver made a demand for arbitration against the Settling Third-Parties asserting various causes of action. The Settling Third-Parties deny the Receiver's allegations and filed counterclaims against the Receiver, also asserting multiple causes of action.

The Parties exchanged discovery and attended a confidential mediation on August 5, 2020, at which time the Parties mutually agreed to the terms of settlement of the Receiver's claims and the Settling Third-Parties' counterclaims. The Parties have set forth the totality of those terms in a Settlement Agreement (the "Settlement Agreement").

The Settlement Agreement provides, among other things, that the Settling Third-Parties shall pay to the Receiver, for the benefit of the Receivership Estate, the specified settlement amount (the "Settlement Amount") in full and final resolution and settlement of all claims the

---

[2] The "Relief Defendants" are Deep Ocean LLC, Next Cab Ventures LLC, Next Call Ventures LLC, Next Chat Ventures LLC, Next Pay Ventures LLC, Next U Ventures LLC, Next Track Ventures LLC, and Progressive Power LLC.

Receiver could bring against the Settling Third-Parties pursuant to the Receivership Order, in exchange for mutual general releases. The Settlement Agreement contemplates that the terms of the settlement are to be maintained as confidential. Consequently, a copy of the Settlement Agreement will be submitted to the Court for *in camera* inspection to preserve the confidential nature of the Agreement and its terms.[3]

## REQUEST FOR APPROVAL AND ENFORCEMENT

The Receiver submits that the Settlement Agreement is in the best interest of the Receivership Estate because, *inter alia*, it avoids further costs and expenses of litigation, including the fees and costs associated with additional discovery, pretrial and trial proceedings, and will result in an immediate, substantial recovery for the Receivership Estate.

To promote the speedy collection and distribution of the Settlement Amount by the Receiver, the Receiver further requests that the Court determine there to be no just reason for delay and that the order approving the Settlement Agreement be a final, appealable decision under Rule 54(b) of the Federal Rules of Civil Procedure.

## LEGAL AUTHORITY TO APPROVE AND ENFORCE AGREEMENT

The Receivership Order specifies that "[f]ollowing a request seeking authorization from this Court, [the Receiver may] defend, compromise or settle legal actions in which Onix, the Relief Defendants or the Receiver are a party, commenced either prior to or subsequent to this Order, including the instant proceedings." [DE 84, ¶12]

---

[3] With regard to a prior Motion to Approve and Enforce Settlement in this case [DE 271], the Court referred the motion to Magistrate Judge McAliley [DE 272] who, after conducting a telephonic hearing and reviewing the settlement *in camera* [DE 275], issued a Report and Recommendation recommending approval of the settlement [DE 277] which this Court then adopted [DE 278]. The Receiver respectfully submits that a similar process would be appropriate here.

"The Supreme Court has held that a district court has ancillary subject matter jurisdiction over an action brought by a receiver in furtherance of its appointment where the district court had federal question jurisdiction over the original action in which it appointed the receiver." *See Robb Evans & Assoc., LLC v. Holibaugh,* 609 F.3d 359, 363 (4th Cir. 2010) (*citing Riehle v. Margolies*, 279 U.S. 218, 223 (1929) ("The appointment of a receiver of a debtor's property by a federal court confers upon it, regardless of citizenship and of the amount in controversy, federal jurisdiction ***to decide all questions incident to the preservation, collection, and distribution of the assets. It may do this either in the original suit . . . or by ancillary proceedings.***" (emphasis added)); *see also Damian v. International Metals Trading & Investments, Ltd.*, 243 F. Supp. 3d 1308, 1313 (S.D. Fla. 2017) ("[A] federal district court has subject matter jurisdiction in ancillary actions brought in the court where the receiver is appointed to accomplish the ends sought and directed by the suit in which the appointment was made.")

The Receiver files this Motion in furtherance of her appointment and pursuant to the Receivership Order. By this Motion, the Receiver seeks to preserve and collect assets to which the Receivership Estate is entitled under the Settlement Agreement arising from claims the Receiver asserted in furtherance of her duties under this Court's Orders and to accomplish the ends sought and directed by the action in which the Receiver was appointed. Therefore, this Court has the authority and jurisdiction to approve and enforce the Settlement Agreement.

## **CERTIFICATION OF CONFERENCE**

The Receiver has discussed the relief requested herein with the Commission and is authorized to represent to this Court that the Commission does not oppose the relief sought in this Motion.

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests that this Court: (i) enter the proposed Order, attached hereto as **Exhibit "A"**, (a) approving the Settlement Agreement and Release, and (b) authorizing the Receiver to enter into the Agreement forthwith; and (ii) grant such other and further relief as the Court deems just and proper.

Dated: September 1, 2020

Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
*Counsel for the Receiver*
2525 Ponce de Leon Boulevard, 9th Floor
Miami, Florida 33134
Tel:  (305) 372-1800
Fax:  (305) 372-3508
By:  */s/ Corali Lopez-Castro*
     Corali Lopez-Castro
     FL Bar No. 863830
     David L. Rosendorf
     FL Bar No. 996823

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on September 1, 2020 as filed with the Clerk of the Court using CM/ECF.

By:  */s/*   Corali Lopez-Castro
            Corali Lopez-Castro