**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 16-CV-24678-COOKE/LOUIS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ONIX CAPITAL LLC, *et al*.,

    Defendants.

_____/

**RECEIVER'S FIFTH INTERIM REPORT AND MOTION AUTHORIZING THE PAYMENT OF FEES AND EXPENSES OF RECEIVER AND HER PROFESSIONALS**
*(The Securities and Exchange Commission does not object to the Motion)*

Melanie E. Damian, Court-appointed Receiver in the above-styled case (the "Receiver"), files this Fifth Interim Report and Motion Authorizing Payment of Fees and costs incurred from July 1, 2019 through July 31, 2020 (the "Application Period").[1]

**Introduction**

On April 4, 2017, this Court entered an order (the "Receivership Order") appointing the Receiver to exercise full power and control over Onix Capital LLC ("Onix") and the Relief Defendants.[2] Since that time, the Receiver has performed the duties required to investigate the assets of the Receivership Entities and to secure and liquidate the assets for ultimate distribution

---

[1] The Receiver seeks (1) authorization to immediately pay all fees and costs less a hold back of 20% (as to fees); and (2) authorization to pay the 20% hold back upon final distribution of Receivership assets to investors.

[2] The "Relief Defendants" are Deep Ocean LLC, Next Cab Ventures LLC, Next Call Ventures LLC, Next Chat Ventures LLC, Next Pay Ventures LLC, Next U Ventures LLC, Next Track Ventures LLC, and Progressive Power LLC.

to creditors. As part of these efforts, the Receiver has facilitated an international claims process resulting in 75 proofs of claim being filed, reviewed and resolved, and has further administered an initial and second distribution to all allowed Claimants pursuant to this Court's orders. Concurrent with the Receiver's resolution of the claims, the Receiver orchestrated and achieved a comprehensive settlement with the Chilean and B.V.I. Liquidators. In addition, the Receiver has recovered $643,500.00 for the estate through her pursuit of and settlement of individual "claw back" actions and individual negotiations and has separately recovered over $7.3 million for the estate through the liquidation and sale of receivership assets; including the Receivership's sale of its assets in SherpaCapital for $1,850,822.00. Finally, the Receiver engaged in pre-suit mediation with a professional organization that provided services to Chang's fraudulent enterprise. As a result of that mediation, the professional organization and the Receiver entered a Court-approved settlement requiring the professional organization to pay $2,600,000 to the Receivership Estate to resolve the Receiver's potential claims against them. Since the filing of her Fourth Interim Report, the Receiver and her professionals have accomplished the following:

### **Administration and Second Distribution of Claims**

(a) Orchestrated payments of second distributions of the Receivership Estate through global mailings across three continents to all allowed claimants, pursuant to this Court's orders [D.E. 288, 291];

(b) Maintained open lines of dialogue with all claimants who had questions as to the Receiver's second distributions and the Receivership in general;

### **Settlement with Chilean and B.V.I. Liquidators**

(c) Continued to cooperate and work with the Chilean and B.V.I. Liquidators, pursuant to their collective settlement agreement, to help expedite the global resolution of the

liquidation of this fraud's assets;

### Sale of Non-Public Assets

(d) Closed the Sherpa asset sale, pursuant to this Court's order, resulting in $1,850,822.00 being recovered by the Receiver for the Receivership Estate;

(e) Researched and evaluated various strategies and opportunities for liquidating the Receivership's other non-public assets (including the Dialpad and Open English assets), negotiated and entered into nondisclosure agreements to facilitate the sale of non-public assets, and identified potentials buyers for these assets and have solicited bids for same;

### Investigation of, and Suits Against Third Parties

(f) Continued to investigate all parties involved in the fraud within the United States, reviewed volumes of documents produced by banks, professional organizations, investors and other entities connected to the fraud, and worked with third parties to obtain subpoenaed documents and records that shed further light on investments made by Onix and the Relief Defendants.

(g) Continued to prosecute claims in Arbitration against a professional organization and its principal who provided services to the fraud, including motion practice relating to the merits of the Receiver's claims and substantial discovery issues. Due to the professional organization improperly filing a counterclaim against the Receiver without permission from this Court, additional motion practice was necessary to defend the Receiver.

(h) Vetted and retained Insurance Counsel, with permission of this Court, to protect the interests of the Receivership Estate in an Insurance Coverage Action filed by StarStone Specialty Insurance Company (also with the permission of this Court) in which StarStone seeks a

judicial determination that StarStone has no obligation to defend or indemnify the professional organization against whom the Receiver has asserted claims in Arbitration.;

(i) Participated in a global mediation of the disputes referenced in paragraphs (g) and (h), above, resulting in the Receiver and those parties entering into a confidential global mutual settlement agreement. The Receiver will be filing her request with this Court to authorize the Receiver to finalize this confidential global mutual settlement agreement and facilitate payment of the settlement amount to the Receivership Estate.

### Communications with Creditors

(j) Maintained active contact with parties interested in the Receivership Estate to ensure that all investors and interested parties' questions are answered and issues addressed.

(k) Frequently updated the Receivership website to ensure that the public is well appraised of all events occurring in this Receivership process.

### Negotiations with the Internal Revenue Service

(l) Continued negotiations with the Internal Revenue Service to minimize or negate the tax costs resulting from the Receivership Entities' improper tax filings prior to the appointment of the Receiver.

### Status of the Receivership Accounting

The Receivership Estate currently has cash on hand in the amount of $1,482,436.53 which the Receiver is holding in the Receiver's trust accounts at IberiaBank and City National Bank. The SEC's Standardized Fund Accounting Report (the "SFAR") for the Application Period is attached hereto as **Exhibit A.**

### Other Unliquidated Assets

The Receiver is working to liquidate the following non-public Receivership assets.

- Relief Defendant Next U Ventures over $2 million investment in Open English Holdings Inc.; and

- Relief Defendant Next Call Ventures, LLC $1 million investment in Dialpad, Inc.

All of these assets are presently maintained as non-public shares. The value of these assets is unknown. The Receiver has contacted numerous investors who may be interested in purchasing these assets and is currently working to solicit formal bids and structure a transaction for these assets that fully complies with all applicable laws and other requirements.

**Request for Fees and Costs**

The Order appointing the Receiver provides at Paragraph 9 that "[f]ollowing a request seeking authorization from this Court, [Receiver may] employ legal counsel and appoint special agents, actuaries, accountants, clerks consultants, and or assistants as deemed necessary by the receiver to exercise the powers granted [in the Order]." At Paragraphs 10 and 11, the Order provides for reasonable compensation to be paid such professionals from the assets held by the Receivership Estate.

On October 23, 2017, this Court entered an Order Granting Receiver's Motion for Authorization To Employ Accountants For Receiver [D.E. 153] authorizing the Receiver to employ Soneet R. Kapila, of the accounting firm of KapilaMukamal, LLP, as an accountant to assist the Receiver to fulfill her duties under the Receivership Order.

On December 6, 2017, this Court entered an Order Granting the Receiver's first Motion to Authorize the Payment of Fees and Expenses [D.E. 169].

On May 18, 2017, this Court entered an Order Granting Receiver's Motion for Authorization to Employ Corporate Advisory Counsel for Liquidation of Next Cab Ventures LLC [D.E. 190] authorizing the Receiver to employ Gregory C. Yadley, Esq. and the law firm of

Shumacker, Loop & Kendrick, LLP as Corporate Advisory Counsel to assist the Receiver in selling the Receivership's non-public securities.

On November 30, 2018, this Court entered an Order Granting the Receiver's Second Motion for Attorney Fees and Expenses and Interim Report [D.E. 242].

On April 16, 2019, this Court entered an Order Granting Receiver's Third Motion to Authorize the Payment of Fees and Expenses of Receiver and Her Professionals [D.E. 263].

And, on January 24, 2020, the United States Magistrate Judge Lauren Louis entered a Report and Recommendations [D.E. 286] as to the Receiver's Fourth Motion to Authorize (A) the Payment of Fees and Expenses of Receiver and Her Professionals and (B) Supplemental Distribution to Claimant No. 17 [D.E. 270].  On May 13, 2020, this Court affirmed and adopted the Magistrate Judge's Report and Recommendation awarding fees and expenses of Receiver and her Professionals [D.E. 291].

On May 14, 2020, this Court entered an Order Granting Receiver's Motion for Authorization to Employ Insurance Counsel [D.E. 294] authorizing the Receiver to employ Jason Mazer, Esq. and the law firm of Cimo Mazer Mark PLLC as Insurance Counsel to represent the Receiver in a declaratory action filed by StarStone Specialty Insurance Company.

On July 17, 2020, this Court entered an Order Granting Receiver's Motion to Employ Experts [D.E. 300], authorizing the Receiver to employ a liability expert and damages expert to assist the Receiver in the Arbitration that was pending against a professional services organization and its principal who provided services to the fraud.

As with her First, Second, Third and Fourth Applications, the Receiver is proposing that this Court approve the fees and costs incurred by the Receiver and her Counsel during the Application Period and authorize the distribution for payment of 100% of such costs and 80% of

such fees (with a holdback of 20% of the fees). The Receiver is further asking that this Court approve the fees incurred by the Receiver's accountants, and the Receiver's Corporate Advisory Counsel in this matter. This is the Receiver's fifth request for approval of compensation and reimbursement of costs incurred by the Receiver and her counsel and covers a one year period.

The Receiver proposes that the awarded fees and costs be paid from the funds currently held in the Receivership Estate's consolidated bank account.

The attached invoices reflect the total amount of fees and costs incurred by the Receiver and each of her professionals[3] during the Application Period (July 1, 2019 through July 31, 2020) is as follows:

    a. The Receiver and Damian & Valori LLP: The total amount of fees and costs incurred was $26,735.66 (which total includes fees in the amount of $24,392.50 and costs in the amount of $2,343.16). *See* detailed time entries attached as **Exhibit B** hereto.

    b. Kozyak Tropin & Throckmorton, LLP: The total amount of fees incurred was $207,290.03 (which total includes fees in the amount of $177,840.00 and costs in the amount of $29,450.03). *See* **Exhibit C** hereto.

    c. KapilaMukamal, LLP: The total amount of fees incurred were $14,868.05 (which total includes fees in the amount of $14,615.00 and costs in the amount of $253.05). *See* **Exhibit D** hereto.

---

[3] As required by the SEC's Billing Agreement, the Fee Schedule reflecting the names and hourly rates of all of the Receiver's professionals and paraprofessionals are fully set forth in each firm's respective invoices attached hereto as Exhibits B and C. Kozyak Tropin & Throckmorton, LLP has a core group of attorneys primarily responsible for most matters involved in this case, but in certain instances has brought in other attorneys – particularly associates at lower billable rates – to work on discrete tasks where appropriate.

    d. Shumaker Loop & Kendrick, LLP: The total amount of fees incurred were $3,600.00[4] (which includes fees in the amount of $3,600.00 and no costs). *See* **Exhibit E** hereto.

    e. Cimo Mazer Mark PLLC[5]: The total amount of fees incurred were $33,681.10 (which includes fees in the amount of $33,680.00 and costs in the amount of $1.10). *See* **Exhibit F** hereto.

    f. Expert Witness[6]: The total amount of fees incurred by expert witness were $4,275.00. *See* **Exhibit G** hereto.

In the case of the Receiver, Damian & Valori LLP, and Kozyak Tropin & Throckmorton, LLP, the foregoing totals reflect time charged at reduced hourly rates in accordance with the agreement between the Receiver and the Commission. Specifically, for purposes of this representation, the foregoing firms reduced their partner attorney rates from $650-$400 per hour to $275 per hour, and their associate attorney rates from $175-$375 per hour to $150-$250 per hour.

The services rendered during the Application Period are reflected and described in the attached Exhibits, and the professionals have separated their time into specific Activity Categories as directed by the Commission's Receivership Billing Instructions.

## Memorandum of Law

The Receiver and her professionals are entitled to reasonable compensation and expenses pursuant to the Receivership Order. A receiver appointed by a court who reasonably and

---

[4] An invoice for $715.00 was inadvertently not included in prior fee applications due to an oversight and is being included herein.

[5] Cimo Mazer Mark PLLC's services have concluded and should be paid 100% of its fees.

[6] Expert witness's services have concluded and should be paid 100% of his fees

diligently discharges her duties is entitled to be fairly compensated for services rendered and expenses incurred. *See SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008); *see also SEC v. Elliott*, 953 F.2d 1560 (11th Cir. 1992) ("[I]f a receiver reasonably and diligently discharges his duties, he is entitled to compensation.") A receiver and her lawyers are "also entitled to be reimbursed for the actual and necessary expenses they incurred in the performance of their duties." *Fed. Trade Comm'n v. Direct Benefits Grp.,* LLC, Case NO. 6:11-cv-1186-Orl-28TBS, 2013 WL 6408379, at *3 (M.D. Fla. Dec. 6, 2013).

Receivership courts have traditionally determined reasonableness of compensation by using the "lodestar" approach, calculating a reasonably hourly rate in the relevant market and the reasonable number of hours expended. *See, e.g., SEC v. Aquacell Batteries, Inc.*, Case No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, *3 (M.D. Fla. Jan. 31, 2008); *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The hourly rates billed by the Receiver and her professionals are reasonable for professionals practicing in the Southern District of Florida, particularly in light of the reduced hourly rates described above, and the services reflected in the attached exhibits were reasonably necessary to the Receiver's performance of her duties as set forth in the Receivership Order.

### Certification of Conference

*The Receiver has discussed the relief requested herein with the Commission and is authorized to represent to this Court that, after reviewing the time records and other materials submitted herewith, the Commission does not oppose the relief sought in this Application.*

WHEREFORE, Melanie E. Damian, as Receiver, respectfully requests that the Court enter an Order:[7]

---

[7] A copy of a proposed order granting the Receiver's Fifth Interim Application for Order Authorizing Payment of Fees and Expenses is attached hereto as **Exhibit H**.

(a) approving the total amount of fees and costs for the Application Period of: the Receiver and her counsel Damian & Valori LLP in the amount of $24,392.50 in fees and $2,343.16 in costs; Kozyak, Tropin & Throckmorton LLP in the amount of $177,840.00 in fees and $29,450.03 in costs; KapilaMukamal, LLP in the amount of $14,615.00 in fees and $253.05 in costs; Shumaker, Loop & Kendrick, LLP in the amount of $3,600.00 in fees; Cimo Mazer Mark PLLC in the amount of $33,680.00 in fees and $1.10 in costs; and expert witness in the amount of $4,275.00 in fees;

(b) authorizing payment of 80% of the approved fees and 100% of the approved costs from the assets held by the Receivership Estate, as set forth herein; and

(c) authorizing payment of the remaining balance of the approved fees (*i.e.*, the 20% holdback) upon final distribution of Receivership assets to investors.

Dated: September 1, 2020               Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
*Counsel for the Receiver*
2525 Ponce de Leon Boulevard, 9th Floor
Miami, Florida 33134
Tel:   (305) 372-1800
Fax:   (305) 372-3508
By:    */s/ Corali Lopez-Castro*
       Corali Lopez-Castro
       FL Bar No. 863830
       Tal J. Lifshitz
       FL Bar No. 99519
       clc@kttlaw.com
       tjl@kttlaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on September 1, 2020 as filed with the Clerk of the Court using CM/ECF.

By:   */s/ Tal J. Lifshitz*
      Tal J. Lifshitz

12A204302

## **CERTIFICATION**

The undersigned certifies that:

(a) I have read this application ("Application");

(b) to the best of my knowledge, information and belief formed after reasonable inquiry, the Application and all fees and expenses therein are true and accurate and comply with the Billing Instructions;

(c) all fees contained in the Application are based on the rates listed in the Exhibits attached hereto and such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed;

(d) I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission);

(e) in seeking reimbursement for a service which I justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), I request reimbursement only for the amount billed to me by the third-party vendor and paid by me to such vendor. To the extent that such services were performed by me as Receiver, I certify that I am not making a profit as Receiver on such reimbursable service.

(f) With the exception of the Billing Instructions, I have not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

Respectfully submitted and certified,

*/s/ Melanie Damian*
Melanie Damian, P.A. Receiver


Respectfully submitted this 1st day of September, 2020.