UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24678-COOKE/LOUIS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ONIX CAPITAL LLC, *et al*.,

    Defendants.
_____/

**RECEIVER'S MOTION FOR (A) APPROVAL OF FINAL DISTRIBUTION TO CREDITORS, (B) ALLOWANCE AND APPROVAL OF DISTRIBUTION TO LATE FILED CLAIM (C) AUTHORIZATION OF FINAL PAYMENT OF FEES AND EXPENSES OF RECEIVER AND HER PROFESSIONALS; AND (D) DISCHARGE OF RECEIVER**

Melanie E. Damian, Court-appointed Receiver in the above-styled case (the "Receiver"), files this Motion for (A) Approval of Final Distribution to Creditors; (B) Allowance and Approval of Distribution to Late Filed Claim; (C) Authorization of Final Payment of Fees and Expenses of Receiver and her Professionals from August 1, 2020 through May 4, 2021 ("Application Period");[1] and (D) Discharge of Receiver.

## Introduction

The Receiver is ready to make her final distribution to creditors as she has liquidated all assets for the benefit of the creditors. Including the final distribution, the Receiver will have distributed $12,070,431.54 to creditors in this Receivership. By way of brief background, on

---

[1] The Receiver seeks authorization to immediately pay all fees and costs, including all interim fees previously awarded in this case which were subject to the 20% "holdback" upon final distribution of the Receivership assets to investors.

April 4, 2017, this Court entered an order (the "Receivership Order") appointing the Receiver to exercise full power and control over Onix Capital LLC ("Onix") and the Relief Defendants (collectively the "Receivership Entities").[2]  Since that time, the Receiver has performed the duties required to investigate the assets of the Receivership Entities and to secure and liquidate the assets for ultimate distribution to creditors.  Since the last status report filed on September 1, 2020, the Receiver (a) has recovered $912,500.00 for the estate through her pursuit of and settlement of an action against professional organization that provided services to Chang's fraudulent enterprise; (b) has realized $1,055,000 through the sale of the Receivership's interests in DialPad, Inc. ("DialPad"); and (c) has realized $1,250,000 from the sale of the Receivership's interest in Open English Holdings, Inc. ("Open English").  Since the filing of her Fifth Interim Report, the Receiver and her professionals have accomplished the following:

### Second Distribution

(a)     Orchestrated payments of the second interim distribution of a total of $2,978,682.49 through global mailings across three continents to all allowed claimants, pursuant to this Court's order [D.E. 288].

(b)     Maintained open lines of dialogue with all claimants who had questions as to the Receiver's second interim distribution and the Receivership in general.

### Cooperation with Chilean and B.V.I. Liquidators

(c)     Continued to cooperate and work with the Chilean and B.V.I. Liquidators, pursuant to their collective settlement agreement, to help expedite the global resolution of the

---

[2] The "Relief Defendants" are Deep Ocean LLC, Next Cab Ventures LLC, Next Call Ventures LLC, Next Chat Ventures LLC, Next Pay Ventures LLC, Next U Ventures LLC, Next Track Ventures LLC, and Progressive Power LLC.

liquidation of this fraud's assets.

## Sale of Non-Public Assets

(d) Solicited and engaged a stalking horse bidder for purposes of auctioning off the Receivership's non-public assets in DialPad. The Receiver filed a Motion to Approve Stalking Horse Purchase Agreement and Bidding Procedures for this asset [D.E. 308]. The Receiver also filed a Motion to Approve the Stalking Horse Purchase Agreement and Bidding Procedures for the Receivership's non-public assets in Open English [D.E. 313]. On February 13, 2021, the Receiver's counsel held an auction for both of these assets. On February 17, 2021, this Court held a sale hearing at which the winning bidders and back-up bids from that auction were recognized and the Receiver was given the authority to close the sale of the Receivership's assets for a total price of $1,055,000 for DialPad, and $1,250,000 for Open English, which collectively exceeded the stalking horse bids by $1,697,766.00 [D.E. 328 and 329].

(e) Negotiated the closing documents to facilitate the sale of the non-public assets.

(f) Closed the DialPad and Open English asset sales, pursuant to this Court's order, resulting in $2,295,000.00[3] being recovered by the Receiver for the Receivership Estate.

## Investigation of, and Suits Against Third Parties.

(g) Participated in an arbitration with a professional organization that provided services to the Receivership Entities, and entered into a settlement for $912,500.00 in exchange for resolving the Receiver's claims against that party. The Court approved the settlement by Order dated November 10, 2020 [D.E. 319] and the settlement proceeds have been paid to the Receiver.

---

[3] Pursuant to the Court-approved bidding procedures, a $10,000 termination fee was paid to the Open English stalking horse from the sale proceeds.

(h)   Initiated a third-party claw-back proceeding against Yellow Brick Capital (UK) Limited in the Southern District of Florida, seeking the return of $160,000 worth of fraudulent transfers that were wired from Onix Capital to that British entity. After initial motion practice before the Honorable Cecilia Altonaga, the matter was settled for $75,000, which has been paid to the Receiver [D.E. 305].

### Communications with Creditors

(i)   Maintained active contact with parties interested in the Receivership Estate to ensure that all investors and interested parties' questions are answered and issues addressed.

(j)   Frequently updated the Receivership website to ensure that the public is well apprised of all events occurring in this Receivership process.

### Continued Tax Compliance Work

(k)   Continued tax compliance work to negate the tax costs resulting from the liquidation of the ponzi scheme assets.

### Status of the Receivership Accounting

The Receivership Estate currently has cash on hand in the amount of $4,516,924.56, which the Receiver is holding in the Receiver's trust accounts at City National Bank. The SEC's Standardized Fund Accounting Report (the "SFAR") for the Application Period is attached hereto as **Exhibit A.**

### Other Unliquidated Assets

There are other assets in non-public assets in which the Receivership has an interest (the "Remnant Assets"), including specifically (a) the Receiver's interest in an investment in Okeanos Technologies, LLC; and (b) the Receiver's interest in an investment in Flashcharge Batteries LLC. Unfortunately, the value of the underling companies, which are not operating and

appear to have no substantial assets, appears to be minimal. The Receiver has contacted numerous parties in an effort to obtain an offer to acquire these remaining assets.

The Receiver has negotiated an agreement with a remnant assets liquidator to acquire the Remnant Assets for $5,000.00, which will be included in the funds available for distribution.

By this Motion, the Receiver requests that the Court authorize the sale of the Remnant Assets for $5,000.00 to PC/SM Financial Services Corporation or its assignee and to waive any requirement of appraisal or further notice of the proposed sale in light of the extensive efforts already undertaken by the Receiver to obtain a purchase offer for these assets.

### Allowance of Distribution to Late Filed Claim

In October, 2020, Claimant Number 77 filed a late claim in the amount of $245,000.00 in the Receivership, as claimant had not previously received (although the Receiver used the correct address pursuant to the records in her possession) any notice from the Receivership regarding the claims procedures and proof of claim deadline. The Receiver now hereby requests this Court's permission to allow Claimant Number 77 as timely filed in the allowed claim amount of $245,000.00 and to pay the distributions in the pro rata amount rightfully owed to Claimant Number 77 by the Receivership from prior distributions and the final distribution upon receipt of this Court's Order allowing Claimant Number 77 as timely filed.

### Request for Fees and Costs

The Order appointing the Receiver provides at Paragraph 9 that "[f]ollowing a request seeking authorization from this Court, [Receiver may] employ legal counsel and appoint special agents, actuaries, accountants, clerks consultants, and or assistants as deemed necessary by the receiver to exercise the powers granted [in the Order]." At Paragraphs 10 and 11, the Order

provides for reasonable compensation to be paid such professionals from the assets held by the Receivership Estate.

On October 23, 2017, this Court entered an Order Granting Receiver's Motion for Authorization to Employ Accountants for Receiver [D.E. 153] authorizing the Receiver to employ Soneet R. Kapila, of the accounting firm of KapilaMukamal, LLP, as an accountant to assist the Receiver to fulfill her duties under the Receivership Order.

On December 6, 2017, this Court entered an Order Granting the Receiver's first Motion to Authorize the Payment of Fees and Expenses [D.E. 169].

On May 18, 2017, this Court entered an Order Granting Receiver's Motion for Authorization to Employ Corporate Advisory Counsel for Liquidation of Next Cab Ventures LLC [D.E. 190] authorizing the Receiver to employ Gregory C. Yadley, Esq. and the law firm of Shumacker, Loop & Kendrick, LLP as Corporate Advisory Counsel to assist the Receiver in selling the Receivership's non-public securities.

On November 30, 2018, this Court entered an Order Granting the Receiver's Second Motion for Attorney Fees and Expenses and Interim Report [D.E. 242].

On April 16, 2019, this Court entered an Order Granting Receiver's Third Motion to Authorize the Payment of Fees and Expenses of Receiver and Her Professionals [D.E. 263].

On January 24, 2020, the United States Magistrate Judge Lauren Louis entered a Report and Recommendations [D.E. 286] as to the Receiver's Fourth Motion to Authorize (A) the Payment of Fees and Expenses of Receiver and Her Professionals and (B) Supplemental Distribution to Claimant No. 17 [D.E. 270].  On May 13, 2020, this Court affirmed and adopted the Magistrate Judge's Report and Recommendation awarding fees and expenses of Receiver and her Professionals [D.E. 291].

On November 4, 2020, this Court entered an Order Granting Receiver's Fifth Motion to Authorize the Payment of Fees and Expenses of Receiver and Her Professionals [D.E. 317].

Now that the Receivership is ready to be closed, the Receiver is seeking to approve the current fees due and owing and all amounts held back pursuant to prior order (20% of the fees previously awarded). This is the Receiver's final request for approval of compensation and reimbursement of costs incurred by the Receiver and her counsel.

The Receiver proposes that the awarded fees and costs be paid from the funds currently held in the Receivership Estate's consolidated bank account.

The attached invoices reflect the total amount of fees and costs incurred by the Receiver and each of her professionals[4] during the Application Period (August 1, 2021 through April 28, 2021) is as follows:

    a. The Receiver and Damian & Valori LLP: The total amount of fees and costs incurred was $58,210.56 (which total includes fees in the amount of $18,425.00 and costs in the amount of $2,256.46 for the Application Period and $37,529.10 in holdbacks from prior fee awards). *See* detailed time entries attached as **Exhibit B** hereto.

    b. Kozyak Tropin & Throckmorton, LLP: The total amount of fees and costs incurred was $283,902.67 (which total includes fees in the amount of $70,720.00[5]

---

[4] As required by the SEC's Billing Agreement, the Fee Schedule reflecting the names and hourly rates of all of the Receiver's professionals and paraprofessionals are fully set forth in each firm's respective invoices attached hereto as Exhibits B and C. Kozyak Tropin & Throckmorton, LLP has a core group of attorneys primarily responsible for most matters involved in this case, but in certain instances has brought in other attorneys – particularly associates at lower billable rates – to work on discrete tasks where appropriate.

[5] Includes estimated fees of $4,250.00 to make final distribution to creditors and close Receiver estate.

       and costs in the amount of $30,382.17 for the Application Period and $182,800.50 in holdbacks from prior fee awards).  See **Exhibit C** hereto.

c. KapilaMukamal, LLP:   The total amount of fees and costs incurred were $48,819.37 (which total includes fees in the amount of $8,122.00 and costs in the amount of $20.95 for the Application Period and $40,676.42 in holdbacks from prior fee awards).  See **Exhibit D** hereto.

d. Shumaker Loop & Kendrick, LLP:   The total amount of fees incurred were $14,948.70 (which includes fees in the amount of $7,342.00 and no costs for the Application Period and $7,606.70 in holdbacks from prior fee awards).  See **Exhibit E** hereto.

In the case of the Receiver, Damian & Valori LLP, and Kozyak Tropin & Throckmorton, LLP, the foregoing totals reflect time charged at reduced hourly rates in accordance with the agreement between the Receiver and the Commission. Specifically, for purposes of this representation, the foregoing firms reduced their partner attorney rates from $650-$400 per hour to $275 per hour, and their associate attorney rates from $175-$375 per hour to $150-$250 per hour.

The services rendered during the Application Period are reflected and described in the attached Exhibits, and the professionals have separated their time into specific Activity Categories as directed by the Commission's Receivership Billing Instructions.

## Request for Discharge of Receiver

Upon the completion of all distributions and payments contemplated by this Motion, the Receiver respectfully requests that the administration of this Receivership be deemed completed, satisfied, approved and confirmed in all respects, and that the Receiver, her professionals, and

her staff be discharged of from any and all duties, responsibilities and liabilities in connection with the administration of the Receivership or the Receivership Entities.

## Memorandum of Law

The Receiver and her professionals are entitled to reasonable compensation and expenses pursuant to the Receivership Order. A receiver appointed by a court who reasonably and diligently discharges her duties is entitled to be fairly compensated for services rendered and expenses incurred. *See SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008); *see also SEC v. Elliott*, 953 F.2d 1560 (11th Cir. 1992) ("[I]f a receiver reasonably and diligently discharges his duties, he is entitled to compensation.") A receiver and her lawyers are "also entitled to be reimbursed for the actual and necessary expenses they incurred in the performance of their duties." *Fed. Trade Comm'n v. Direct Benefits Grp.,* LLC, Case NO. 6:11-cv-1186-Orl-28TBS, 2013 WL 6408379, at *3 (M.D. Fla. Dec. 6, 2013).

Receivership courts have traditionally determined reasonableness of compensation by using the "lodestar" approach, calculating a reasonably hourly rate in the relevant market and the reasonable number of hours expended. *See, e.g., SEC v. Aquacell Batteries, Inc.*, Case No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, *3 (M.D. Fla. Jan. 31, 2008); *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The hourly rates billed by the Receiver and her professionals are reasonable for professionals practicing in the Southern District of Florida, particularly in light of the reduced hourly rates described above, and the services reflected in the attached exhibits were reasonably necessary to the Receiver's performance of her duties as set forth in the Receivership Order.

**Certification of Conference**

*The Receiver has discussed the relief requested herein with the Commission and is authorized to represent to this Court that, after reviewing the time records and other materials submitted herewith, the Commission does not oppose the relief sought in this Application.*

WHEREFORE, Melanie E. Damian, as Receiver, respectfully requests that the Court enter an Order:[6]

(a) Authorizing the Receiver to make final distributions in accordance with this Motion;

(b) Authorizing the Receiver to allow the claim of Claimant Number 77 as a timely filed claim and to pay pro rata distributions to Claimant Number 77 in the amount rightfully owed to Claimant Number 77;

(c) Authorizing the Receiver to sell the Remnant Assets for $5,000.00;

(d) Approving the total amount of fees and costs for the Application Period of: the Receiver and her counsel Damian & Valori LLP in the amount of $18,425.00 in fees and $2,256.46 in costs; Kozyak, Tropin & Throckmorton LLP in the amount of $70,720.00 in fees and $30,382.17 in costs; KapilaMukamal, LLP in the amount of $8,122.00 in fees and $20.95 in costs; and Shumaker, Loop & Kendrick, LLP in the amount of $7,342.00 in fees, and authorizing payment of all amounts awarded from the assets held by the Receivership Estate;

(e) authorizing payment of the 20% holdback from fees previously awarded in the amounts of $37,529.10 for Damian & Valori LLP; $182,800.50 for Kozyak, Tropin & Throckmorton LLP; $40,676.42 for KapilaMukamal, LLP; and $7,606.70 for

---

[6] A copy of a proposed order granting the Receiver's Final Application for Order Authorizing Payment of Fees and Expenses is attached hereto as **Exhibit F**.

Shumaker Loop & Kendrick, LLP, from the assets held by the Receivership Estate; and

(f) directing that upon payment of all the foregoing amounts, the Receiver's administration shall be deemed completed, satisfied, approved and confirmed in all respects, and the Receiver, her professionals and her staff shall be discharged without further order of this Court, from any and all duties, obligations and liabilities in connection with the Receivership and the Receivership Entities.

Dated: May 11, 2021

Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
*Counsel for the Receiver*
2525 Ponce de Leon Boulevard, 9th Floor
Miami, Florida 33134
Tel:   (305) 372-1800
Fax:   (305) 372-3508
By:    */s/ Corali Lopez-Castro*
       Corali Lopez-Castro
       FL Bar No. 863830
       David R. Rosendorf
       FL Bar No. 996823
       clc@kttlaw.com
       dlr@kttlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on May 11, 2021 as filed with the Clerk of the Court using CM/ECF and via electronic mail to Claimant Number 77.

By:    */s/ Corali Lopez-Castro*
       Corali Lopez-Castro

12S852903

# **CERTIFICATION**

The undersigned certifies that:

(a) I have read this application ("Application");

(b) to the best of my knowledge, information and belief formed after reasonable inquiry, the Application and all fees and expenses therein are true and accurate and comply with the Billing Instructions;

(c) all fees contained in the Application are based on the rates listed in the Exhibits attached hereto and such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed;

(d) I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission);

(e) in seeking reimbursement for a service which I justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), I request reimbursement only for the amount billed to me by the third-party vendor and paid by me to such vendor. To the extent that such services were performed by me as Receiver, I certify that I am not making a profit as Receiver on such reimbursable service.

(f) With the exception of the Billing Instructions, I have not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

Respectfully submitted and certified,

*/s/ Melanie Damian*
Melanie Damian, P.A. Receiver


Respectfully submitted this 11th day of May, 2021.