UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-24678-COOKE/LOUIS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ONIX CAPITAL LLC, *et al.*,

    Defendants.

_____/

**ORDER GRANTING RECEIVER'S MOTION FOR (A) APPROVAL OF FINAL DISTRIBUTION TO CREDITORS, (B) ALLOWANCE AND APPROVAL OF DISTRIBUTION TO LATE FILED CLAIM (C) AUTHORIZATION OF FINAL PAYMENT OF FEES AND EXPENSES OF RECEIVER AND HER PROFESSIONALS; AND (D) DISCHARGE OF RECEIVER**

THIS CAUSE is before me on the *Receiver's Motion for (A) Approval of Final Distribution to Creditors, (B) Allowance and Approval of Distribution to Late Filed Claim (C) Authorization of Final Payment of Fees and Expenses of Receiver and Her Professionals; and (D) Discharge of Receiver* ("Final Distribution Motion," D.E. 335). By the Final Distribution Motion, the Receiver seeks approval of the final distribution to creditors, allowance and approval of distribution to Claim Number 77, payment of fees and costs incurred by the Receiver and her counsel from August 1, 2020 through May 4, 2021 (the "Final Application Period"), including all interim fees previously awarded in this case which were subject to the 20% holdback, and discharge of the Receiver.

The Court has considered the Final Distribution Motion and the attachments thereto and finds and concludes that the requested fees and costs represent actual and necessary

expenses incurred in the performance of the Receiver's duties, for which the Receiver and her professionals are entitled to compensation pursuant to the Order Appointing Receiver (D.E. 84, 148). Accordingly, the Court determines that the Final Distribution Motion should be granted.

It is hereby **ORDERED AND ADJUDGED** as follows:

1. The Final Distribution Motion is GRANTED.

2. The Receiver is authorized to make a final distribution totaling $4,116,042.76 to claimants holding allowed claims on a *pro rata* basis and to allow the claim of Claimant Number 77 as a timely filed claim and to pay pro rata distributions to Claimant Number 77 in the amount rightfully owed to Claimant Number 77.

3. The Receiver is authorized to sell the Remnant Assets to PC/SM Financial Services Corporation or its assignee for $5,000.00.

4. The fees and costs of Damian & Valori LLP for the Final Application Period in the amount of $18,425.00 in fees and $2,256.46 in costs are APPROVED.

5. The fees and costs of Kozyak, Tropin & Throckmorton LLP for the Final Application Period in the amount of $70,720.00 in fees and $30,382.17 in costs are APPROVED.

6. The fees and costs of KapilaMukamal, LLP for the Final Application Period in the amount of $8,122.00 in fees and $20.95 in costs are APPROVED.

7. The fees of Shumaker Loop & Kendrick, LLP for the Final Application Period in the amount of $7,342.00 are APPROVED.

8. The Receiver is authorized to pay 100% of the approved fees and 100% of the approved costs for the Receiver's professionals from the assets held by the Receivership Estate.

9. The Receiver is authorized to pay the 20% holdback from fees previously awarded in the amounts of $37,529.10 for Damian & Valori LLP; $182,800.50 for Kozyak, Tropin & Throckmorton LLP; $40,676.42 for KapilaMukamal, LLP; and $7,606.70 for Shumaker Loop & Kendrick, LLP, upon final distribution of Receivership assets to investors.

10. Upon payment of all the foregoing amounts above, the Receiver's administration shall be deemed completed, satisfied, approved and confirmed in all respects. The Receiver, her professionals and her staff shall be discharged without further order of this Court, from any and all duties, obligations and liabilities in connection with the Receivership and the Receivership Entities, and the Receivership Estate shall be closed.

11. The Receiver is authorized to destroy or otherwise dispose of all records of the Estate after any legally required retention period.

12. The Receiver is authorized, through her professionals, to prepare and submit to the appropriate taxing authorities any tax returns for the Receivership Estate and/or the Receivership Entities after the Receiver's Discharge.

13. Melanie E. Damian, Damian & Valori, LLP, Kozyak Tropin & Throckmorton LLP, Shumaker Loop & Kendrick, LLP, and Cimo Mazer Mark PLLC, and those firms' respective attorneys and other professionals, and KapilaMukamal, LLP, and its accountants and other professionals, will be held harmless from and relieved of any and all liabilities (other than for acts involving a finding by the Court of malfeasance, bad faith, gross negligence, or reckless disregard of their duties) to anyone for their good faith compliance with their duties

and responsibilities as Receiver or in their capacity as the Receiver's professionals, including without limitation, any and all liabilities, claims, demands, associated with the Receivership activities, including without limitation any and all liabilities, claims, demands, or legal proceedings arising from or relating to any and all duties, acts and transactions of the Receiver or her professionals pursuant to or in connection with the Receivership Orders.

14. All of Melanie E. Damian's, her counsels' and her accountant's acts and transactions during the Receiver's administration, including without limitation those disclosed by the pleadings, reports, applications and other papers filed with this Court and with the Internal Revenue Service, are hereby ratified, confirmed, and approved as being correct and proper and in the best interest of the Receivership Estate and the parties to this action.

**DONE and ORDERED** in chambers, Miami, Florida, this 6th day of July 2021.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*Lauren Fleischer Louis, U.S. Magistrate Judge*
*Counsel of record*